168 So. 121

**BOWSKY v. SILVERMAN.**

No. 32684.

April 27, 1936.

Elias Bowsky and Abe Berenson, both of New Orleans, for appellant.

Hugh M. Wilkinson and Harry Nowalsky, both of New Orleans, for appellee.

ODOM, Judge.

On May 22, 1933, plaintiff brought suit against his wife for divorce on the ground that they had been living separate and apart for more than four years. He alleged that there were two children of the marriage, a daughter then married, and a son seventeen years old, then living with his mother.

Defendant answered on June 15, admitting that she and her husband had lived separate and apart for more than four years, as alleged, and prayed that the court fix alimony under article 160 of the Civil Code.

No further steps seem to have been taken by either plaintiff or defendant until October 25, 1933, when Mrs. Bowsky ruled her husband to show cause why he should not pay her alimony in the sum of $200 per month pendente lite under article 148 of the Civil Code, as amended by Act No. 130 of 1928. She alleged that she had no income at all. The rule was heard on November 20 and resulted in a judgment in favor of the wife ordering the husband to pay her $125 per month for the support of herself and minor son from that date until the further orders of the court. The husband appealed.

Slightly less than two months after the judgment on the rule for alimony pendente lite was rendered a judgment of divorce was granted plaintiff, from which date the judgment on the rule for alimony pendente lite ceased to have effect.

Therefore the only question involved in this appeal is whether plaintiff should pay the alimony or contribution for the support of the wife and minor child of the marriage for the period between the date on which the judgment on the rule was signed and the date on which the judgment of divorce was granted.

Plaintiff's only complaint is that the amount is excessive, "wholly and entirely out of proportion to his income."

Plaintiff is fifty-two years old and retired from business four years ago and has not been employed since his retirement. At the time the rule for alimony was tried, he

had a checking account at one of the banks of the city of $747.69 and a savings account amounting to $584.12. He also had a certificate of deposit amounting to $400. He had interest-bearing stocks, bonds, and mortgage notes having a par value of $42,161.26, and a small loan account of $75. According to an estimate made by his secretary, the actual or book value of his stocks, bonds, and notes was $32,912.87. His accounts payable at the time amounted to $177. His net income from his investments for the previous year was $1,987.28, or an average per month of about $165.

His counsel says that in no event should plaintiff be called upon to pay more than one-third of his monthly income for the support of his wife and minor son pendente lite, and he cites several cases where this court fixed alimony pendente lite for a wife in necessitous circumstances at approximately one-third of the husband's income. But a reading of the cases will show that the amount was fixed according to the circumstances shown to exist, that is, according to the wife's needs and the husband's means to pay.

The testimony in this case shows that Mrs. Bowsky is in poor health and needs a physician. The seventeen year old son of the marriage, who lives with her, is in high school. He has an infection of the nose and throat and also needs a physician. She and her son were living in a small apartment consisting of two bedrooms and a kitchen, for which she was paying $30 per month. She testified that she needed $30 per month to pay for food for herself and son. She paid $10 per month for gas, did her own cooking and housework when she was able, but had found it necessary to spend about $10 per month for help. The son needed lunch money and carfare while going to school, which she estimated at $5 to $7 per month. She estimated that clothing and laundry for the two would cost about $30 per month. She had to pay for lights and incidentals. In sum, she said she needed not less than $130 per month for herself and son. We think she did. The trial judge allowed her $125.

Article 148 of the Civil Code, as amended by Act No. 130 of 1928, says that if the wife has not sufficient income for her maintenance pending the suit for separation from bed and board or divorce, "the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."

Nothing is said in this article about the income or earnings of the husband. While the separation or divorce proceedings are pending, the Code says that the husband must pay for the support of his wife out of his "means." The word "means" as used in this article refers to the husband's resources and not necessarily to his income. His "means" may consist either of property of a physical character, frequently referred to as assets, or it may consist of income from such property or income from labor or services performed. The word "means," as used in this article of the Code, signifies any resources from which the wants of

life may be supplied. The amount necessary for the support of a wife under such conditions as those referred to in this article is a debt which the husband must discharge out of his means, and his means may consist of money in his pocket, cash in bank, income from whatever source, or assets in the way of real or personal property. The husband must support his wife in necessitous circumstances. He must also support his minor child, and we have previously held that in fixing alimony pendente lite the court should take into consideration the wife's additional expenses for supporting the minor children of the marriage, if they live with her.

■ Even though plaintiff and defendant were separated and although plaintiff had sued his wife for divorce and was entitled to it on legal grounds, she remained his wife until the final divorce decree was signed, and it was as much his duty to support her during the pendency of the suit as before the separation, and, of course, it was his duty to support his minor child.

■ In fixing the amount of alimony pendente lite, the court must take into consideration the wife's needs and the husband's means to pay. In this case the wife proved that she needed at least $125 per month for the support of herself and minor child and the testimony shows that the husband has the means with which to pay, and he must pay.

The judgment is affirmed.

O'NIELL, C. J., absent.