PONDER, Justice.
 

 The plaintiff brought suit against her hus'band on June 5, 1947 seeking a decree of separation from bed and board, an award •of alimony pendente lite and the custody of 'her minor child. On July 2, 1947 the defendant was condemned to pay alimony pen•dente lite in the sum of $225 per month to the plaintiff. The defendant answered the .suit and reconvened asking for separation from bed and board and for the custody of ■the child to be awarded jointly to the plaintiff and the defendant. On hearing, the trial judge gave judgment in favor of the ■defendant decreeing a separation from bed .and board and awarding the custody of the •child to the defendant with the right of visitation by the plaintiff. The judge also •awarded the plaintiff alimony in the sum •of $225 per month. The plaintiff filed a rule on March 11, 1949 to increase the alimony to $600 per month for herself and ■child. The rule was dismissed on June 6, 1949 by the lower court and the plaintiff has .appealed.
 

 The sole question presented in this case is the amount of alimony due the plaintiff •during the pendency of the suit.
 

 Since the submission of this appeal a •certified copy of a final decree of divorce lias been filed in this Court and the defendant has moved to dismiss the appeal.
 

 In the case of Cotton v. Wright, 193 La. 520, 190 So. 665 it was held that where a plaintiff sued for separation from bed and board and was awarded alimony pendente lite and the defendant in the meantime had obtained a divorce under the two year law that it did not preclude the plaintiff from the collection of past due installments of alimony. The right of the wife to receive alimony during the pendency of a suit for separation from bed and board is not dependent upon the merits or the outcome of the suit. It is merely the obligation of the husband to support his wife. Arnold v. Arnold, 186 La. 323, 172 So. 172. See also Bowsky v. Silverman, 184 La. 977, 168 So. 121 to the effect that this Court will consider on appeal an award of alimony between the date of the judgment of the rule and the date of the final judgment of divorce.
 

 The appellant contends that the award of the alimony should be increased for herself and child. This appeal was taken from the judgment dismissing a rule to increase alimony previously awarded for the wife only. The record shows that the husband is supporting the child and paying for its education. It is true that the child spends a great part of his time with his mother.
 

 The trial judge correctly pointed out the defendant’s income as being $1,300 per month. The husband was receiving $550 per month as salary, received a bonus in the year 1948 of $4,500 and received a dividend of $4,500, making a total of $1,300
 
 *244
 
 per month. The husband’s expenses, not including alimony or his living expenses, for income tax, insurance, etc., amount to approximately $480 per month. After deducting this expense, the husband received approximately $820 per month. . He has the additional expense of supporting the child. Under the circumstances in this case, we would not be warranted in disturbing the judgment of the district court; especially since the evidence is meager as to the actual needs of the wife and the fact that the defendant’s expenses are higher than ordinary because of his illness. The record shows that the defendant is afflicted with petit mal, a form of epilepsy.
 

 For the reasons assigned, the judgment is affirmed.