HARDY, Judge.
This action was instituted by plaintiff, Mrs. Harry L. Viser, Jr., by rule upon the defendant, Harry L. Viser, Jr., praying for judgment in favor of plaintiff-in-rule in the full sum of $7,300.00, representing past due and unpaid alimony, pendente lite, fixed in the sum of $200.00 per month, by judgment rendered May 14, 1958, for the period from date thereof up to June 1, 1961. Defendant-in-rule denied liability on the ground that the contradictory claims of the parties for judgments of legal separation were rejected on June 12, 1958, from which judgment plaintiff-in-rule had taken only a devolutive appeal. Alternatively, defendant-in-rule contended that alimony, pendente lite, was *224 due and owing only from the period between May IS, 1958, and June 12, 1958, and further, in the alternative, that the maximum amount of alimony should be computed for the period of May 15, 1958, to April 28, 1960, in the amount of $4,300.00, against which he claimed offsets to the extent of numerous accounts charged by plaintiff wife against defendant husband. From judgment in favor of plaintiff-in-rule in the amount of $100.00 due May 15, 1958, and $100.00 due June 1, 1958, plaintiff has perfected this devolutive appeal. An answer to the appeal has been filed in this court by the appellee, in which he prays that judgment of the trial court should be amended by allowing credit for amounts for which he has been sued by certain commercial business establishments, and further praying that this court should stay proceedings in the instant cause until final determination of said suits.
This matter is one of a long and involved series of suits between or involving these parties, and, unfortunately, we cannot escape the necessity of recapitulating a number of these suits and the action taken therein, which, accordingly, we set forth in chronological order as follows:
(1). May 9, 1958, petition for separation from bed and board and rule for alimony filed by plaintiff wife, to which defendant husband asserted a reconventional demand for separation.
(2). May 14, 1958, trial had on rule for alimony, pendente lite, and judgment rendered in favor of plaintiff wife, fixing the amount thereof at $200.00 per month, payable on the first and fifteenth of each month, beginning May 15, 1958.
(3). June 12, 1958, trial on merits of the respective claims of husband and wife for separation, and judgment rendered rejecting the demands of both parties therefor.
(4). June 16, 1958, defendant husband appeals suspensively from judgment awarding alimony.
(5). June 23, 1959, plaintiff wife appeals devolutively to the Supreme Court from judgment rejecting her demands for separation. (Plaintiff’s motion for rehearing having been denied June 23, 1958.)
(6). March 10, 1960, petition for divorce filed by husband on ground of two years separation, followed by preliminary default and, subsequently, filing of answer by defendant wife.
(7). April 28, 1960, judgment of divorce rendered in favor of plaintiff husband in the absence of contest or appearance by defendant wife, which judgment was read, signed and filed April 29, 1960.
(8). May 31, 1960, suspensive appeal to Supreme Court granted to defendant wife from judgment of divorce in favor of plaintiff husband.
(9). June 1, 1961, judgment rendered by Court of Appeal, Second Circuit, to which the appeal was transferred by order of the Supreme Court, dismissing defendant wife’s appeal from judgment of divorce in favor of husband on ground of abandonment of appeal by failure to appear. (See 131 So.2d 68, Case 1.)
(10). June 1, 1961, judgment of Court of Appeal, Second Circuit, on plaintiff wife’s devolutive appeal from judgment rejecting her demand for separation and husband’s suspensive appeal from judgment granting wife alimony, pendente lite. (See 131 So.2d 68, Case 2.)
With reference to the last item above noted, it is pertinent to observe that this court held that the judgment of absolute divorce procured by the husband rendered moot the correctness of the judgment rejecting wife’s demand for separation; that the judgment for alimony, pendente lite, in favor of the wife did not fall because of the judgment denying separation; that the award of alimony, pendente lite, in the amount of $200.00 per month was not excessive and that charges made by the wife against the account of the husband would not be considered in the absence of any *225 showing of payment thereof. The opinion of the court further eliminated consideration of any question of the life of the judgment for alimony on the ground that the same was not presented as an issue in the case on appeal.
It should further be observed that in the cases decided by this court, as above noted, no applications for rehearing were filed on behalf of either of the parties litigant, and it must therefore be considered that they accepted and acquiesced in the judgments pronounced.
In the case presently before us the sole issue is the determination of the period of liability on the part of the husband, defendant-appellee, for the payment of the alimony, pendente lite, awarded in favor of plaintiff wife.
We repeat the contentions urged on behalf of defendant-appellee, as follows:
(a). That he owes no alimony in view of the fact that plaintiff’s suit for separation was dismissed by judgment of the district court which has not been reversed;
(b). That if he owes any pajmaents in the nature of alimony they are restricted to the period between May 15, 1958, when judgment for same was allowed in favor of the wife, to June 12, 1958, when her demands for separation were rejected after trial on the merits; and,
(c). Finally, that the maximum amount due by defendant on unpaid alimony between May 15, 1958, and April 28, 1960, in the sum of $4,300.00 (obviously an error in computation) should be subject to a credit of the amounts charged by plaintiff wife to defendant husband in the sum of $1,780.? 95.
In briefs before this court learned counsel for appellee has devoted extensive consideration and argument to the point that the plaintiff-appellant in this action procured and perfected a devolutive rather than a suspensive appeal, and, therefore, cannot equitably establish her demands for payment of alimony, pendente lite. This argument is further predicated upon the contention that the judgment dismissing the wife’s action for separation has become final and said judgment “was never reversed.”
First, we observe that we are not acquainted with, nor have we been cited to any authority in our jurisprudence which would impose upon this plaintiff an essential requirement to prosecute a suspensive appeal. Clearly this was a matter of choice as to the nature of the appeal, and, since nothing had been paid on the judgment of alimony, we are unable to conceive of any legal compulsion upon plaintiff, as the party assertedly prejudiced by the judgment, to resort to a suspensive appeal. We are not aware of any distinction in degree of importance or dignity between suspensive and devolutive appeals, the only difference being as to the effect thereof. In the instant case we cannot perceive any essential reason for a suspensive appeal, since there was nothing to suspend.
As to the specific contentions above noted on behalf of defendant, we think the controlling issue, that is, the right to alimony, pendente lite, has been conclusively disposed by the unequivocal pronouncements of our Supreme Court in St. Martin v. Messersmith, 218 La. 239, 48 So.2d 909, the opinion of the court declaring:
“In the case of Cotton v. Wright, 193 La. 520, 190 So. 665 it was held that where a plaintiff sued for separation from bed and board and was awarded alimony pendente lite and the defendant in the meantime had obtained a divorce under the two year law that it did not preclude the plaintiff from the collection of past due installments of alimony. The right of the wife to receive alimony during the pendency of a suit for separation from bed and board is not dependent upon the merits or the outcome of the suit. It is merely the obligation of the husband to support his wife. Arnold v. Arnold, 186 La. 323, *226 172 So. 172. See also Bowsky v. Silverman, 184 La. 977, 168 So. 121 to the effect that this Court will consider on appeal an award of alimony between the date of the judgment of the rule and the date of the final judgment of divorce.” (Emphasis supplied.)
The same pronouncement was reiterated in the related case of Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169, as follows:
“The law governing alimony pen-dente lite is as follows:
“‘ “Article 148 of the (Revised) Civil Code declares that, in a suit for separation from bed and board, or for divorce, if the wife, whether she be plaintiff or defendant, has not a sufficient income for her maintenance during the pendency of the suit, the judge shall allow her a sum for her support, proportioned to her needs and to the means of her husband. That is the authority for the courts to allow alimony pendente lite in this state. The right of the wife to such alimony does not depend at all upon the merits of the suit for separation from bed and board, or for divorce, or upon the actual or prospective outcome of the suit. The reason for that is that an order to pay alimony pendente lite is merely an enforcement of the obligation of the husband to support his wife as long as the marriage remains undissolved. LeBeau v. Trudeau, 1 Mart., N.S., 93; Holbrook v. Holbrook, 32 La.Ann. 13; Suberville v. Adams, 46 La.Ann. 119, 14 So. 518; State ex rel. Huber v. King, Judge, 49 La.Ann. 1503, 22 So. 887; State ex rel. Hill v. Judge, 114 La. 44, 38 So. 14; Nissen v. Farquhar, 121 La. 642, 46 So. 679; Donnels v. Bouillion, 165 La. 145, 115 So. 439; Brouilette v. Mallet, 180 La. 787, 157 So. 594; Anzalone v. Anzalone, 182 La. 234, 161 So. 594; Arnold v. Arnold, 186 La. 323, 172 So. 172; Cotton v. Wright, 189 La. 686, 180 So. 487.” Grisamore v. Grisamore, 191 La. 770, 773, 774, 186 So. 98.’ Eals v. Swan, 221 La. 329, 59 So.2d 409, 411. See, also, St. Martin v. Messersmith, supra.”
On the basis of the above authorities we can only conclude that the plaintiff wife is entitled to payment of the alimony, past due and unpaid, in the amount fixed.
The next question to be answered involves the determination of the period during which the judgment for alimony, pendente lite, should be considered as effective and enforceable. It seems clear that 'an award of alimony, pendente lite, terminates upon rendition of a final judgment of divorce in which no provision for the payment of alimony is made; White v. Morris, 236 La. 767, 109 So.2d 87.
We are, therefore, of the opinion that plaintiff-appellant is entitled to a judgment for all past due and unpaid semimonthly installments from date of rendition of the judgment therefor on May 14, 1958, to June 1, 1961, upon which latter date the judgment of this court was rendered, dismissing the appeal of the defendant wife and therefore affirming the judgment of divorce in favor of the plaintiff husband.
As to plaintiff’s alternatively asserted claims in the nature of offsets, we find no basis for the consideration thereof, inasmuch as they appear to be claims for necessaries, some of which at least were incurred prior to any of the legal actions for separation or divorce instituted by the parties; the record does not disclose that they were of a nature which should be considered to offset the allowance of alimony, pendente lite, which is designed for the support of the wife, and, finally, the record does not contain evidence of payment by defendant husband.
For the reasons assigned the judgment appealed from is amended by increasing the *227 amount of the judgment in favor of plaintiff wife for unpaid installments of alimony, pendente lite, from the sum of $200.00 to the principal sum of $7,300.00, as prayed, with interest at the legal rate on each past due installment from the due date thereof until paid, together with all costs, and as amended the judgment appealed from is affirmed.