SANDERS, Justice.
 

 This is an alimony proceeding. In it Mrs. Harry L. Viser, Jr. seeks judgment against her former husband, Harry L. Viser, Jr., for past due alimony in the sum of $7,300.00 with legal interest. The proceeding is based upon an alimony decree rendered upon a rule in the plaintiff’s suit for a separation from bed and board on May 14, 1958, awarding her alimony pendente lite in the sum of $200.00 per month payable in installments of $100.00 on the 1st and 15th day of each month beginning May 15, 1958.
 

 The district court granted judgment in the sum of $200.00 for the alimony due through June 1, 1958, with legal interest from due date until paid, but otherwise rejected the demand. On appeal the Court of Appeal amended the judgment and granted the wife the sum of $7,300.00 with interest at the legal rate on each past due installment from the due date until paid, as prayed for.
 
 [1]
 
 Upon application of the husband, citing Lee v. Koester, 155 La. 756, 99 So. 588 and Miguez v. Miguez, La.App. 3rd Cir., 128 So.2d 799, we granted writs of review.
 

 The record before us discloses a history of prolonged litigation between the embattied parties. Because the resolution of the legal issues raised in this Court require it, we set forth the proceedings in chronological order:
 

 (1) May 9, 1958, petition for .separation from bed and board and rule for alimony filed by plaintiff wife, to which defendant husband asserted a reconventional demand for separation.
 

 (2) May 14, 1958, trial had on rule for alimony, pendente lite, and judgment rendered in favor of plaintiff wife, fixing the amount thereof at $200.00 per month, payable in installments of $100.00 on the first and fifteenth of each month, beginning May IS, 1958.
 

 (3) June 12, 1958, trial on merits of the respective demands of husband and wife for separation, and judgment rendered rejecting the demands of both parties.
 

 (4) June 16, 1958, defendant husband appeals suspensively from judgment awarding alimony.
 

 (5) June 23, 1959, plaintiff wife appeals devolutively from judgment rejecting her demands for separation.
 

 (6) March 10, 1960, petition for divorce filed by husband on ground of two years separation, followed by preliminary default and thereafter the filing of an answer by the defendant wife. ' ''
 

 
 *711
 
 (7) April 28, I960; an uncontested judgment of divorce rendered in favor of plaintiff husband, which was read, signed and filed on April 29, 1960.
 

 (8) May 31, 1960, suspensive appeal by the defendant wife from the judgment of divorce in favor of the husband.
 

 (9) June 1, 1961, judgment rendered by Court of Appeal, Second Circuit, in the divorce suit dismissing defendant wife’s appeal from judgment of divorce in favor of husband on ground of abandonment of appeal by failure to appear. (La.App., 131 So.2d 68, Case 1.)
 

 (10) June 1, 1961, judgment of Court of Appeal, Second Circuit, in the separation suit. The wife’s devolutive appeal from the judgment rejecting her demand for a separation was decreed moot. On the husband’s suspensive appeal from the judgment granting the wife alimony pendente lite, the award was affirmed. (La.App., 131 So.2d 68, Case 2.) In reference to the longevity of the alimony judgment, the court stated,:
 

 “Disposing of the above defined claims, seriatim, we observe, first, that the question of the life of the judgment for alimony is not before us on this appeal, since this does not constitute an action which involves, directly or indirectly, an attempt to collect unpaid alimony. The record contains no showing that any alimony has ever been paid under the judgment and the fact that the husband prosecuted this appeal suspensively justifies the conclusion that no payments have been made.”
 

 (11)June 26-, 1961, the present proceeding was instituted to fix the past due alimony in the sum of $7,300.00 and for legal interest.
 

 Based upon the proceedings outlined, Mrs. Viser contends that the alimony pendente lite continued to accrue until June 1, 1961, the date the appeals were finally disposed of and the divorce consummated. For this period she claims the sum of $7,-300.00.
 

 In this Court, the husband adopts alternative positions:
 

 (1) That he owes no sum whatsoever to Mrs. Viser in that her suit for separation was dismissed and that the judgment was never reversed;
 

 (2) .That he owes no more than two $100.00 payments, those accruing on May 15, 1958 and June 1, 1958, prior to the dismissal of plaintiff’s demands on June 12, 1958;
 

 (3) That at most, defendant owes the monthly payments from May 15, 1958 until April 28, 1960, which was the date of the judgment of divorce in the First Judicial District Court, or a sum of $4,600.00.
 

 The prime issue formulated by these contentions is the period of liability of the hus
 
 *713
 
 band for the payment of the alimony pendente lite to the wife under the judgment on May 14, 1958, in the separation suit. To resolve this issue we must determine the life of the alimony judgment and its enforceability.
 

 The alimony pendente lite in the instant case was fixed under the authority of LSA-C.C. art. 148, which provides:
 

 “If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
 

 Under the terms of the codal article and the judgment rendered, the alimony is payable “pending the suit.” This means that it is payable until final termination of the litigation.
 
 [2]
 

 Pertinent here is the procedural circumstance that the wife took a devolutive appeal from the judgment dismissing her suit for separation, and the husband took a suspensive appeal
 
 [3]
 
 from the alimony judgment. The wife also appealed suspensively from the divorce judgment. On June 1, 1961, the court dismissed the wife’s appeal in the divorce action, thereby affirming the divorce judgment. Because of the divorce, the wife’s appeal in the separation suit was dismissed as moot. On the husband’s appeal, the alimony award to the wife was affirmed. It is evident that the suit was pending until these appeals were finally disposed of and divorce effected.
 

 However, the husband strenuously contends that, since a devolutive appeal only was taken by the wife from the judgment dismissing her separation suit, the appeal did not have the effect of maintaining the suit. We find no merit in this contention. The appeal, although devolutive, effectively placed the case before the appellate court for decision. It enabled the court to make any judicial disposition of the case warranted by the record.
 

 We conclude, then, as did the Court of Appeal, that the separation suit was pending and the alimony continued to accrue until June 1, 1961.
 

 The fact that the Court of Appeal did not act upon the merits or reverse the judgment of the district court rejecting the separation does not preclude the collection of the alimony arrearage by the divorced wife in the instant case. It is well established that the payment of the ali
 
 *715
 
 mony does not depend upon the merits of tbe suit. The judgment is merely the enforcement of the obligation of the husband to .support his wife during the marriage.
 
 [4]
 
 Insofar as past due installments are concerned, the judgment becomes the property of the wife.
 
 [5]
 

 The disposition of this case is controlled by the decision of this Court in Cotton v. Wright, 193 La. 520, 190 So. 665. As in the instant proceeding, that case involved a judgment in favor of the wife for alimony pendente lite upon rule in a separation suit. The demand for a separation was rendered moot by a divorce in favor of the husband in another proceeding. Notwithstanding this, the district court thereafter rendered judgment in favor of the divorced wife for the arrearage in alimony. In affirming the judgment, this Court stated:
 

 “Counsel’s theory seems to be that, in as much as plaintiff’s suit for separation was dismissed after defendant was granted a divorce on the ground of two years’ separation, there is no suit pending as an incident of which alimony pendente lite may be awarded. It is true, as he argued, that a decree for alimony pendente lite is an incident of a suit for separation or for divorce. But plaintiff by this proceeding is, not seeking to have the court award her alimony. She- is seeking to collect past-due installments of alimony awarded in March, 1937, as an incident to her suit for separation which was then pending, the judgment awarding the alimony and fixing the amount of the weekly installments to be paid having become final prior to the date on which she instituted the present proceeding.”
 

 In St. Martin v. Messersmith, 218 La. 239, 48 So.2d 909, this Court expressed its approval of the earlier decision in the following language:
 

 “In the case of Cotton v. Wright, 193 La. 520, 190 So. 665 it was held that where a plaintiff sued for separation from bed and board and was awarded alimony pendente lite and the defendant in the meantime had obtained a divorce under the two year law that it did not preclude the plaintiff from the collection of past due installments of alimony. The right of the wife to receive alimony during the pendency of"
 
 *717
 
 a suit for separation from bed and board is not dependent upon the merits or the outcome of the suit. It is merely the obligation of the husband to support his wife.”
 

 We have considered the two cases upon which the defendant husband has principally relied. The decision in Lee v. Koester, supra [155 La. 756, 99 So. 588], is not apposite. It was adequately distinguished in the Cotton case, which, as we have stated, is controlling here. Any views expressed in Miguez v. Miguez, supra [La.App., 128 So.2d 799], that may appear inconsistent with our holding in the instant case, we have elected not to follow.
 

 The husband also urges that the appeals of the wife in both the separation suit and divorce action were taken in bad faith. Hence, she should not be permitted to recover alimony during the pendency of the appeals. Assuming that bath faith in appeal is a valid ground for withholding alimony, we cannot conclude from the record in this case that such appeals were in bad faith. Appeals are favored in law. Bad faith should not be imputed except for substantial reasons fully supported by the record.
 

 The husband seeks to credit on the accrued alimony the amounts he has paid and agreed to pay to satisfy certain accounts for merchandise purchased and charged to him by his wife prior to the alimony decree. Two of these accounts were reduced to judgment against the husband. The items so purchased included clothing and furniture. These items, the husband asserts, will last “well into and probably beyond” the alimony payment period. For this reason, he argues, credit should be granted, for these amounts on the alimony ordered by the court for the support of the wife. The husband cites no legal authority for such a credit.
 

 Concededly, these items were in the possession of the wife at the time the alimony was fixed. Their availability to the wife during the alimony period was relevant to the alimony rate insofar as it reduced her needs. However, the alimony rate is not now before us. We perceive no legal basis for deducting the cost of these items from the alimony fixed by the court. Hence the husband’s claim for this credit on the accrued alimony must be rejected.
 

 In this Court the husband has seriously questioned the assessment of legal interest on the past due installments of alimony. We observe that the original judgment for alimony assessed no interest. The instant proceeding is nothing more than a proceeding to judicially fix the amount due and executory under the original judgment.
 
 [6]
 
 The Court cannot now add interest
 
 *719
 
 to the original judgment. Since that judgment is silent as to interest, no interest is payable.
 
 [7]
 

 We conclude, as did the Court of Appeal, that the sum of $7,300.00 is due and executory under the alimony judgment.
 

 For the reasons assigned, the judgment of the Court of Appeal is reversed insofar as it assesses legal interest on each past due alimony installment, and in all other respects, it is affirmed. Each party shall pay one-half of the costs in this Court
 

 [1]
 

 . La.App., 138 So.2d 223.
 

 [2]
 

 . See Bienvenue v. Bienvenue, 186 La. 429, 172 So. 516; Bowsky v. Silverman, 184 La. 977, 168 So. 121; Donnels v. Bouillion, 165 La. 145, 115 So. 439.
 

 [3]
 

 . A suspensive appeal from an alimony judgment is no longer authorized. A devolutive appeal only may now be taken. See LSA-O.C.P. Art. 3943.
 

 [4]
 

 . St. Martin v. Messersmith, 218 La. 239, 48 So.2d 909; Tomasella v. Spano,
 
 201
 
 La. 72, 9 So.2d 465; Grisamore v. Grisamore, 191 La. 770, 186 So. 98; Cotton v. Wright, 193 La. 520, 190 So. 665. See also Shapiro v. Shapiro, 242 La. 903, 139 So.2d 762; and Murphy v. Murphy, 229 La. 849, 87 So.2d 4.
 

 [5]
 

 . Williams v. Williams, 211 La. 939, 31 So.2d 170; Miller v. Miller, 207 La. 43, 20 So.2d 419; Cotton v. Wright, 193 La. 520, 190 So. 665; Snow v. Snow, 188 La. 660, 177 So. 793.
 

 [6]
 

 . Williams v. Williams, 211 La. 939, 31 So. 2d 170; Snow v. Snow, 188 La. 660, 177 So. 793; Edwards v. Perrault, 170 La. 1011, 129 So. 619.
 

 [7]
 

 . Liquidation of Canal Bank & Trust Co., 211 La. 803, 30 So.2d 841; factors’ & Traders’ Ins. Co. v. New Harbor Protection Co., 39 La.Ann. 583. 2 So. 407; Succession of Anderson, 33 La.Ann. 581.