GLADNEY, Judge.
Louise Powell Viser instituted this suit praying for a judgment of separation from bed and board. Alimony pendente lite was fixed payable at the rate of $300.00 per month. Defendant reconvened praying for a judgment of separation on the grounds of abandonment. After failure to pay the alimony award, a rule issued against defendant directing him to show cause why he should not be ruled in contempt and the amount of the past due and unpaid alimony fixed and made exigible. After trial the judgment determined past due and unpaid alimony to be $1,050.00 subject, however, to *662 a credit for $1,151.36. The judgment also granted defendant a separation from bed and board. Plaintiff has appealed from the decree insofar as it rejected her demands for a judgment of separation from bed and board, and allowed defendant a credit of $1,151.36 against past due and future alimony.
Plaintiff and defendant were married April 3, 1963 in Shreveport, Louisiana. After their marriage they traveled to the Orient and remained there until December 1964, when they returned to the state of California. In February of 1964 plaintiff and defendant moved to Shreveport, Louisiana and resided with defendant’s mother and sister. Although since his return to the United States defendant has been unable to obtain regular employment, he has formed a business association for the purpose of promoting the merger and consolidation of small companies and industries. As of the date of trial this association has produced no revenues and the defendant has paid only $100.00 alimony.
Mrs. Viser testified that she requested her husband to provide her with a home separate from that of defendant’s mother and sister, but he refused to do so, and that on March 14, 1965 living with defendant’s mother and sister became insupportable, and on that day she left the matrimonial domicile and has not returned. On March 13, 1965, the day before plaintiff’s departure, Mrs. Viser made purchases of clothing and other personal items in the amount of $1,-051.36 which were charged to her husband. Defendant has argued that he is entitled to a credit for the amount of these purchases as well as the $100.00 he paid toward the alimony awarded plaintiff. The trial court allowed the credits.
 Two issues are presented by this appeal. The first is whether, vel non, plaintiff’s departure from the matrimonial domicile was justifiable. The trial court held plaintiff’s departure from the matrimonial home was not supported by sufficient cause and rendered a judgment of separation in. favor of defendant. The record does not show the court abused its discretion by such a finding, but the evidence supports this' conclusion. The second issue presented herein concerns the credit allowed defendant for the purchases made by Mrs. Viser before she left her husband. This same-issue was presented to the Louisiana Supreme Court in Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962), and the decision in that case is controlling of this issue. As. the Supreme Court pointed out the defendant is not entitled to a credit for such marital expenditures, and the only relevancy they may have concerns the rate of alimony, a question which is not presently before the court. Accordingly, the amount of these-purchases made by plaintiff will not be allowed as a credit against past and future alimony installments.
The judgment insofar as it awards the defendant, Harry L. Viser, a separation from bed and board, a mensa et thoro, from plaintiff, Louise Powell Viser, is affirmed, as is. that portion of the decree fixing the amount of past due and unpaid alimony in the amount of $1,050.00. The judgment of the-lower court allowing defendant a total credit of $1,151.36 is amended and modified so as to disallow the award of $1,051.36, leaving defendant a credit of $100.00 representing the amount he has actually paid..
This cause is remanded to the trial court for further proceedings not inconsistent with the views expressed herein. Costs of this appeal are to be paid by appellee and other costs will await a final determination of the case.
Judgment amended and, as amended, is-affirmed.