WILLIAMS, Judge.
On April 4, 1973, plaintiff-appellee, Willie Pearl Serio, filed a petition seeking a separation from bed and board from her husband, defendant-appellant, Camille Joseph Serio. Pending a hearing on the rule for alimony pendente lite, Mrs. Serio shot and seriously wounded her husband. Nevertheless, on trial of this rule, the court awarded Mrs. Serio $15 per week alimony pendente lite to begin June 2, 1973. Mr. Serio appealed this judgment.
In Lockwood v. Lockwood, 175 So.2d 313 (La.App., 2d Cir. 1965) this court held:
“It is well settled the fixing of alimony for the support of the wife and child is within the sound discretion of the trial judge and should not be disturbed on appeal unless an abuse of such discretion is clearly shown. . . . ”
The question is, does the record reveal an abuse of the sound discretion of the trial judge in awarding Mrs. Serio $15 per week alimony pendente lite ? Our review of this record shows no such abuse by the trial judge.
Counsel for Mr. Serio has sought to fault Mrs. Serio for the injury she caused Mr. Serio and has alleged other facts, not appearing in the record, that this court should consider in setting aside the alimony pendente lite award. Such contention is without merit. The jurisprudence is well settled.
“ * * * The right of the wife to receive alimony during the pendency of a suit for separation from bed and board is not dependent upon the merits or the outcome of the suit. It is merely the obligation of the husband to support his wife. Arnold v. Arnold, 186 La. 323, 172 So. 172. ...” [St. Martin v. Messersmith, 218 La. 239, 48 So.2d 909, 910].
*467 For the reasons assigned, judgment appealed from is affirmed, defendant-appellant to pay all costs of the proceeding, including cost of this appeal. the
Affirmed.