338 So.2d 776 (1976)
Anthony L. PALAMA
v.
Elsie Cecile Dobard, wife of Anthony L. PALAMA.
No. 7639.
Court of Appeal of Louisiana, Fourth Circuit.
October 13, 1976.
Rehearing Denied November 16, 1976.
*777 Patrick M. Reily of Morrison & Reily, New Orleans, for Anthony L. Palama, plaintiff-appellant.
Gibson Tucker, Jr., New Orleans, for Elsie Cecile Dobard, defendant-appellee.
Before STOULIG, BOUTALL and MORIAL, JJ.
BOUTALL, Judge.
Plaintiff-appellant, Anthony L. Palama, appeals a judgment of the 25th Judicial District Court awarding the defendant-appellee, Elsie Cecile Dobard, $8,450.00 in past due alimony pendente lite and making such judgment executory. Plaintiff appeals seeking reversal of this judgment and seeking a decision on a rule to reduce alimony which he filed. It is necessary to set out the procedural steps leading to this judgment.
Plaintiff filed suit for divorce based on two years separation in July, 1972. Alimony pendente lite was awarded in September of 1972 in the amount of $325.00 per month. Final judgment of divorce was rendered on June 5, 1974 in favor of the plaintiff, Anthony L. Palama, and decreeing the defendant, Mrs. Palama, to be at fault so as to bar her from receiving alimony after divorce. At the trial on the merits, the court simultaneously tried a rule to reduce alimony and a rule for arrearage of alimony pendente lite for the month of August, 1973. The judgment of the trial court made no mention of either the rule for arrearage nor of the rule to reduce, but granted Mr. Palama credit against the community for all alimony payments previously paid.
*778 Defendant appealed suspensively the judgment of divorce and ancillary matters, and plaintiff devolutively appealed that portion of the divorce judgment concerning credit to the community against his separate estate. On appeal, this court (Palama v. Palama, La.App., 323 So.2d 823 (1975) affirmed the judgment of divorce and fault, but reversed the trial court's allowance of credit for alimony pendente lite paid since the filing of the suit against the wife's share of the community.
Pending that appeal, the defendant brought a rule for contempt and accumulation of alimony pendente lite which, together with "all rules relating to alimony", were tried September 22, 1975. The present appeal by the plaintiff is from that judgment.
The issues presented to this court in this appeal concern the status of the wife's request for rule to accumulate alimony and the husband's request for a rule to reduce alimony.
In considering those issues, the first question to be answered is the availability of alimony pendente lite to the defendant for the period from August 1, 1973, through September 22, 1975. Appellant contends that the trial court erred in awarding alimony pendente lite for a period beyond the trial court judgment of divorce. The jurisprudence has held that alimony pendente lite continues to accrue until the final disposition of the appeal, of the judgment of divorce. Cousin v. Cousin, La.App., 327 So.2d 138 (1976), Visor v. Viser, 243 La. 706, 146 So.2d 409 (1962). In the case here on appeal the judgment did not become final until February, 1976, when the Louisiana Supreme Court denied writs. La. 326 So.2d 381. Accordingly, the trial judge did not err in awarding accumulate alimony pendente lite up to the September 1975 date of the judgment on all rules relating to alimony.
The second question to be answered is whether the trial court had jurisdiction to hear the rules during the pendency of the prior appeal. Appellant argues that the trial court was divested of jurisdiction under Article 2088, Code of Civil Procedure, which divests the trial court of jurisdiction over issues reviewable under an appeal. We note that only alimony due through September, 1973 was at issue in the prior appeal.[1] The appeal would divest the trial court of jurisdiction over this period. However, any alimony accruing after September 1973 was not at issue and the trial court retained jurisdiction to consider it.
Clearly, the trial court had authority to try the rule, but we note that the stipulation of alimony in arrears was $8,450.00, due from August 1, 1973, (Minute Entry page 4). That portion of alimony in arrears ($650.00 for August and September 1973) subject to that prior appeal could not be considered by the trial court during the pendency of the appeal and the judgment should be so amended.
Appellant further argues that the trial court erred in failing to rule on his motion to reduce. The rule to reduce, although not specifically ruled upon, was obviously disposed of by the trial court judgment that gave the plaintiff credit against the wife's share of the community for the alimony paid since filing of the suit and denied the wife alimony after divorce because of her fault. There was no necessity for a reduction since it was a moot question under the terms of that judgment. The legal effect of the silence of a judgment upon any part of a demand that might have been allowed under the pleadings is a rejection of that demand. Succession of Foster, 240 La. 269, 122 So.2d 96 (1960). On appeal we reversed the award of the credit for alimony paid as an advance on the wife's interest in the community. Our decree made no specific mention of the rule to reduce, but we reversed the trial court judgment only insofar as it was in conflict with our decree. We would consider a motion to reduce the alimony pendente lite in parallel fashion with the motion to accumulate, that is, from date subsequent to that covered by the prior appeal. However, *779 there is nothing in the record showing evidence having been introduced under the rule to reduce. The appellant argues that the entire prior record has been put into evidence, but we see nothing to indicate that the trial court received into evidence any testimony taken on that rule to reduce for the purpose of this rule to reduce. Indeed, considering the lapse of 2 years, we question its relevance. There being no evidence upon which to render a judgment, we cannot afford relief on this appeal.
Accordingly, the judgment of the trial court is amended in that part which awarded the defendant-appellee arrears in alimony by deducting the alimony for the months of August and September, 1973 in the amount of $650.00, making the total of $7800.00 due and executory, and as thus amended, the entire judgment is affirmed at appellant's costs.
AMENDED AND AFFIRMED.
NOTES
[1] The rule itself alleged only through August, but the evidence included September. (Tr. 57)