426 So.2d 318 (1983)
Alice Heard MORRIS, Plaintiff-Appellant,
v.
John C. MORRIS, Defendant-Appellee.
No. 15043-CA.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
Rehearing Denied February 24, 1983.
Writ Denied April 15, 1983.
*319 Paul Henry Kidd, Jr., Kidd and Kidd, Monroe, for plaintiff-appellant.
James D. Sparks, Monroe, for defendant-appellee.
Before PRICE, HALL, MARVIN and JASPER E. JONES and SEXTON, JJ.
PRICE, Judge.
Plaintiff appeals a judgment declaring her right to alimony pendente lite abated and dismissing with prejudice her rule to make executory past due alimony payments. On reargument before a five-judge panel as required by Art. 5, § 8(B) Louisiana Constitution, we reverse and remand.[1]
Plaintiff filed suit for separation from bed and board against defendant in the Fourth District Court, Ouachita Parish. As an incident of that action, judgment was rendered on July 15, 1981, ordering defendant to pay alimony pendente lite of $1,300 per month to plaintiff. That judgment was never appealed by either party. No further action has been taken in the separation proceeding.
Morris filed suit for divorce against his wife, based upon their continuous separation for a period of one year or more, by a separate proceeding instituted in the Fifth District Court, Richland Parish. Judgment for Morris was rendered on November 30, 1981, and Mrs. Morris perfected a suspensive appeal from that judgment on December 10, 1981. Although a "no-fault" divorce, the judgment denied the wife permanent alimony due to her fault. The only question raised on appeal by Mrs. Morris was the failure of the trial court to award her post-divorce alimony. The trial court's judgment was affirmed by this court on September 20, 1982.
Meanwhile, on December 15, 1981, plaintiff filed a rule in the Fourth District Court seeking to make executory past due alimony pendente lite which had accrued since November 30, 1981. Defendant answered that rule and filed exceptions of no right and no cause of action contending no alimony pendente lite was owed because the rendition of the divorce judgment by the Fifth District Court had the effect of abating the pendente lite alimony judgment. The trial court sustained defendant's exception and dismissed the rule with prejudice.
The sole issue presented on this appeal is whether or not the judgment granting pendente lite alimony was abated by the rendition of the subsequent divorce judgment which denied Mrs. Morris permanent alimony.
Defendant, as well as the trial court, primarily relied upon the cases of Lewis v. Lewis, 404 So.2d 1230 (La.1981); Donica v. Donica, 324 So.2d 847 (La.App. 1st Cir. 1975); and Malone v. Malone, 282 So.2d 119 (La.1973). We do not find these cases to be controlling of the issue presented here.
Lewis, supra, and the authorities cited therein, are factually inapposite to this case because in each of those instances all applicable delays for seeking appellate review had expired prior to the issue of abatement being raised. In the case at bar a timely appeal was taken and was pending at the time defendant sought to show abatement. Therefore, the divorce judgment was not final and definitive and could not act to abate the separation proceeding or the judgment rendered therein granting plaintiff alimony pendente lite. We find no inconsistency between our holding in this case and the rule enunciated in Lewis and the cases cited therein.
We have no quarrel with the holding of Malone, supra, which defendant cites in support of his contention that the pendente lite award has abated. However, that case does not support defendant's position. Malone simply holds that under the provisions of LSA-C.C.P. arts. 3942 and 3943 only a devolutive appeal may be taken from an alimony judgment and it must be perfected within the thirty day delay period provided by the Code of Civil Procedure. In this case pendente lite alimony is at issue. That *320 award was made by the judgment rendered on July 15, 1981. Defendant never took any appeal to question that judgment. The right plaintiff currently seeks to enforce springs from that judgment and the pending separation suit. Since the divorce judgment may be subjected to further appellate review, it is not final and definitive and has not acted to abate the separation proceeding or its incidental alimony judgment. Therefore, plaintiff's right to collect pendente lite alimony accruing after November 30, 1981, remains intact.
Defendant contends that since the divorce judgment denied plaintiff permanent alimony, and since only a devolutive appeal may be taken from that judgment under the holding of Malone, the denial of alimony to plaintiff pending appeal is executory. The denial of permanent alimony due to the wife's fault does not affect the pendente lite award granted by the earlier judgment. Defendant cannot rely on the denial of permanent alimony in the not yet final and definitive divorce judgment to abate or terminate his wife's right.
Defendant contends that Donica, supra, is dispositive of the issue before this court. However, we conclude that case misconstrues the holding of Malone which has been explained above. While correctly following the holding of Malone that an alimony judgment may not be suspensively appealed, the court in Donica fails to note the fact that it is dealing with two different judgments awarding two different types of alimony resting upon two separate and independent legal and theoretical bases. For that reason we decline to follow Donica.
The case truly dispositive of the issue is Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962). Therein it was held that alimony pendente lite awarded by judgment on a rule in a separation proceeding continues to accrue pending the final disposition of any appeal from that proceeding or a divorce decree subsequently rendered in connection therewith. We find nothing in Malone which convinces us this is no longer the rule and, apparently, we are not alone in this belief. Palama v. Palama, 338 So.2d 776 (La.App. 4th Cir.1976). Additionally, it should be noted that the Donica court has apparently adopted the rule set forth in Viser. Sumrall v. Sumrall, 393 So.2d 249 (La.App. 1st Cir.1980). Furthermore, the cases of Bruner v. Bruner, 373 So.2d 971 (La.App. 2d Cir.1979), and Frederic v. Frederic, 302 So.2d 903 (La.1974), while not factually congruent to the instant case, are indistinguishable in all critical aspects and consistent with the rule herein applied.
Defendant also cites a related line of cases, including Fellows v. Fellows, 267 So.2d 572 (La.App. 3d Cir.1972), and Worley v. Worley, 247 So.2d 254 (La.App. 3d Cir. 1971), for the proposition that the signing of a divorce judgment which contains provision for permanent alimony abates a previous award of pendente lite alimony. Those cases simply do not stand for that proposition. The language concerning abatement in those cases is dicta. The holding of each of those cases is that there exist two distinct bases for the obligations of permanent alimony and pendente lite alimony. Therefore, a spouse need not show a change in circumstances in order to be entitled to a higher or lower award of permanent alimony in a divorce judgment that he or she was receiving or paying as pendente lite alimony prior to divorce because the awards are based upon two separate judgments and theoretical foundations.
Defendant's last contention is that, since plaintiff's appeal from the divorce judgment deals only with the denial of permanent alimony, the divorce judgment is final and definitive insofar as it relates to the status of the parties. Therefore, he asserts, they are no longer man and wife and consequently, the obligation of pendente lite support is extinguished. We find this contention to be without merit. Plaintiff's appeal from the judgment granting the divorce and denying permanent alimony was not qualified or limited in any way to the portion of the judgment dealing with alimony. Under LSA-C.C.P. art. 3942 the effect of the judgment as it related to the granting of the divorce was suspended. The fact that plaintiff initially assigned no *321 error in the appellate court relating to the granting of the divorce did not have the effect of making the divorce judgment definitive.
While defendant has correctly identified the legal foundation for requiring payment of pendente lite alimony as set forth by LSA-C.C. arts. 119, 120 and 148, he overlooks the broad power granted to the appellate court in its review of the trial court's judgment by LSA-C.C.P. art. 2164. Under the mandate of that article the appellate court is required to examine all issues present in the case before it for error, whether or not such issues have been assigned as error in the appeal. Therefore, the status of the parties was before this court during the appeal of the divorce judgment and remains subject to further appellate review. Consequently, the judgment is not final and definitive as to status and does not act to abate the accrual of pendente lite alimony in the wife's suit for a separation.
For these reasons, the judgment of the trial court is REVERSED and REMANDED for further proceedings consistent with this opinion, with all costs of this appeal assessed to defendant. Assessment of all other costs shall await final disposition of this case.
SEXTON, J., dissents with assigned reasons.
SEXTON, Judge, dissenting.
The issue in this case is whether a spouse receiving pendente lite alimony may accrue that alimony when an appeal is taken from a judgment of divorce finding that spouse at fault, and therefore not entitled to permanent alimony. The majority here answers this question in the affirmative, distinguishing Malone v. Malone, 282 So.2d 119 (La.1973), and contending that Donica v. Donica, 324 So.2d 847 (La.App. 1st Cir. 1975), the First Circuit's extension of Malone is in error. The majority follows, instead, Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962), and argues that Frederic v. Frederic, 302 So.2d 903 (La.1974), and its application by this Court in Bruner v. Bruner, 373 So.2d 971 (La.App. 2d Cir.1979) are consistent therewith.
The defendant here, (and alimony paying spouse), relies on LSA-C.C.P. Art. 3943 for the proposition that support is abated under these circumstances.
It is important to remember the original purpose of Article 3943. Prior to Article 3943, under the jurisprudence, the spouse paying alimony (normally the husband) could suspensively appeal that judgment and avoid payment thereof until such time as the judgment was affirmed. Of course the recipient spouse (normally the wife), if she won on appeal, would be entitled to a lump sum payment representing the payments missed during the appeal. Thus Article 3943 overruled that jurisprudence and eliminated the unfair leverage the husband had by the means of a suspensive appeal.
We should note the title and wording of Article 3943 of the Code of Civil Procedure:
"Art. 3943. Appeal from judgment awarding custody or alimony
An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony."
In Malone v. Malone, supra, the court was called upon to decide whether the delay for appealing a judgment terminating alimony was 30 days as per Article 3942 or the longer 90 days (60 currently) of the general statute, LSA-C.C.P. Art. 2087. Now Chief Justice Dixon wrote that the wording of the article was "unfortunate" and that surely the legislature intended a consistent treatment of all judgments with respect to alimony and custody, whether they awarded, terminated, or modified custody or alimony. He also stated:
"Therefore, we hold that appeals from judgments awarding, denying, modifying or terminating alimony or custody are governed by the provisions of C.C.P. Art. 3943." Malone, supra, at 121.
*322 The majority would distinguish Malone on the basis that Malone was only discussing the first part of Article 3943, dealing with appeal delays. However, I strongly feel that if the logic of Malone is valid then that logic applies to all of Article 3943 as the First Circuit held in Donica, supra.
The majority further relies on Viser v. Viser, supra, for the proposition that the alimony here should continue to run until the Court of Appeal judgment is final because the husband has the obligation of support during the entirety of the separation and that separation is not concluded until the Court of Appeal judgment becomes final. Viser does indeed say that. However, Viser was rendered in 1962 and was prior to the "sexual revolution" which has theoretically resulted in the overturning of gender based statutes and jurisprudence. I believe Viser is implicitly gender based and is contrary to the logic of Malone.
More importantly, Viser relies on Cotton v. Wright, 193 La. 520, 190 So. 665 (La. 1939), where the husband received a divorce based on the basis of a two year separation on December 5, 1938. The wife, three days prior to that, filed to accrue past due alimony which had previously been set. The husband contended on appeal of the accrual action that the wife's right to collect pendente lite alimony before the divorce abated with the divorce. The Supreme Court noted that these parties were "husband and wife until December 5, 1938" and his obligation to support continued until then. Thus the Cotton court recognized specifically that alimony pendente lite ended when the trial court granted the divorce. Cotton had nothing to do with the question of pendente lite alimony accruing during an appeal of the divorce.
It should be noted that the Viser court felt constrained to distinguish Lee v. Koester, 155 La. 756, 99 So. 588 (La.1924) where alimony pendente lite had been awarded and the husband appealed that amount. In the meantime the wife lost the separation and the husband moved to dismiss the appeal. The Lee court said the pendente lite award there was an incident to the suit and after the separation had been dismissed, the alimony likewise fell "even as to alimony in arrear, if there should be any, we are not of the opinion that payment of it may be enforced by the wife."
Likewise St. Martin v. Messersmith, 218 La. 239, 48 So.2d 909 (1950), also relied on in Viser, does not actually assist the Viser court. There the wife had received pendente lite support of $225.00 a month, with the husband obtaining the separation. The wife later filed a rule to increase to $600.00. She lost and appealed. The husband then filed a motion to dismiss the appeal when he subsequently obtained a divorce. The court simply cited Cotton and St. Martin to maintain the appeal and affirm the denial of the increase.
Likewise in my view, Frederic, supra, and Bruner, supra, in which the majority finds support, when analyzed, do not assist the majority position here. The pertinent point in Bruner was minor in the context of that case, and Bruner contended that it was following Frederic. Thus, if Frederic is of no assistance, then Bruner's support of the majority position falls as well.
The facts of Frederic are: (a) the wife received a separation by default on abandonment and $500.00 monthly alimony, (b) the husband sued thereafter for divorce on the basis of one year separate and apart and the wife reconvened for $750.00 permanent alimonyreceiving $500.00, (c) the husband then appealed and the Court of Appeal affirmedbut writs were granted by the Supreme Court which reversed the District Court and Court of Appeal in the opinion here at issue. (d) While the foregoing appeal and writ application were pending, the husband filed a new rule to terminate because the wife had received her interest in the community. Losing in the District Court, he appealed and won at the Court of Appeal level but writs were also granted by the Supreme Court, and (e) when he quit paying any support based on the ruling in the new case, the wife filed to cumulate and was successful.
In finding for the wife on the issue of cumulation, the Supreme Court cited Article 3943 and stated:

*323 "Inasmuch as an appeal from a judgment awarding alimony does not suspend the execution of the judgment, La.Code Civ.P. Art. 3943, the husband was not authorized to discontinue alimony payments upon the strength of the Court of Appeal judgment ... revoking alimony payments. The effect of the Court of Appeal judgment was itself suspended when this Court granted writs to review its correctness." Frederic, supra, at 908.
Thus the Court was simply holding that the wife's originally awarded alimony continued to run, since Article 3943 did not allow a suspensive appeal in alimony matters, and furthermore because the Court of Appeal judgment terminating alimony was itself suspended by the Supreme Court's granting of writs.
I find nothing in these facts or this holding that supports the rationale of the majority here and suggest that arguably it lends more support to this dissent.
In summary, I strongly suggest that Viser receives no support from Cotton or St. Martin. I believe that Malone is a later and better expression, and although it arguably can be distinguished, I believe that distinction requires a "reaching." The better rule is that if the trial judgment terminated alimony then no alimony is payable during the period of the appeal, unless the loser obtains a reversal, at which point a lump sum payment would be due. If alimony is granted and this decree is later reversed, the spouse having paid alimony should be entitled to a reimbursement. See O'Brien v. O'Brien, 347 So.2d 1288 (La.App. 1st Cir. 1977). If alimony had been granted and then upheld on appeal then the recipient has received it. To me this is a consistent reading of Article 3943, its interpretation by Malone (as well as Donica), and follows Cotton v. Wright which the Viser court improvidently extended.
The majority's position contravenes the expansive application of LSA-C.C.P. Art. 3943 established by Chief Justice Dixon in Malone. It is also contrary to the historical factors and legislative considerations crucial to the enactment of LSA-C.C.P. Art. 3943.
We must furthermore recognize that astute trial counsel will often engage in every effort to draw out pendente lite alimony through appeals, causing the reverse of the evil which Article 3943 was designed to prevent. This article was not designed to indefinitely prolong the benefits payable to undeserving spouses; it was designed instead to protect spouses living in necessitous circumstances. In my view we can eliminate the implicit gender based bias of Viser and provide a consistent application of the law in all circumstances by affirming the trial court and following Cotton, Malone, Donica and O'Brien.
I therefore respectfully dissent.
NOTES
[1] From a proposed reversal of the lower court on our original hearing, one judge of the three judge panel dissented as to the proposed result reached by that panel.