451 So.2d 1306 (1984)
Diana Smith WHIPPLE
v.
Keith M. WHIPPLE.
No. 83 CA 0833.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Alan Fishbein, Baton Rouge, for plaintiff-appellant Diana Smith Whipple.
Ernest A. Kelly, Houma, for defendant-appellee Keith M. Whipple.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
Diana Smith Whipple brought this action against Keith M. Whipple seeking to make executory alleged arrearages in alimony pendente lite. From a judgment dismissing her demand, Mrs. Whipple appeals.
Mrs. Whipple filed suit in East Baton Rouge Parish on May 27, 1981, seeking a separation from bed and board. The trial court awarded Mrs. Whipple alimony pendente lite in the amount of $1,500.00 per month. Mrs. Whipple obtained a judgment of separation on December 15, 1981, which continued the alimony pendente lite award.
Mr. Whipple subsequently filed suit in Terrebonne Parish seeking a divorce. Mrs. Whipple answered the suit demanding permanent alimony in the amount of $1,500.00 per month. On April 5, 1982, the court rendered judgment granting Mr. Whipple a divorce and awarding Mrs. Whipple permanent alimony in the amount of $1,000.00 per month for a period of four months, subject to a credit for $3,000.00 worth of gold in Mrs. Whipple's possession.
*1307 Mrs. Whipple appealed the judgment of divorce. On February 22, 1983, this court rendered judgment affirming the judgment of divorce and the permanent alimony award. Whipple v. Smith, 428 So.2d 1114 (La.App. 1st Cir.1983). Mrs. Whipple applied to the Louisiana Supreme Court for writs and her application was denied. Whipple v. Smith, 433 So.2d 154 (La.1983).
While the appeal was pending, Mrs. Whipple filed the present suit in East Baton Rouge Parish seeking to make executory the alimony pendente lite payments which she alleges were due subsequent to the divorce decree and while the appeal was pending. The trial court dismissed the suit, and Mrs. Whipple filed this appeal.
Mrs. Whipple contends that the judgment of divorce was not final until affirmed by this court and her application for supervisory writs to the Louisiana Supreme Court was denied, and, therefore, alimony pendente lite continued to accrue pending the appeal.
Mr. Whipple contends that since there is no suspensive appeal from a judgment awarding or terminating alimony under LSA-C.C.P. Art. 3943, the judgment of divorce was executory when it was rendered by the trial court.
LSA-C.C.P. Art. 3943 provides:
"An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony."
As the Official Revision Comments to Article 3943 note, the purpose of this provision is to prevent a spouse from being deprived of necessary support pending an appeal.
In support of his contention, Mr. Whipple relies on Donica v. Donica, 324 So.2d 847 (La.App. 1st Cir.1975). Donica dealt with the same issue involved in this case. There, the wife filed suit for divorce and was awarded alimony pendente lite. The trial court subsequently granted a divorce denying the wife permanent alimony, and the wife appealed. While the appeal was pending, the wife filed a rule to make executory alimony pendente lite payments accruing subsequent to the divorce decree. The trial court granted judgment for the wife, and the husband applied for writs.
On Appeal, this court concluded that the trial court erred in ordering the husband to continue paying alimony pendente lite pending the wife's appeal since under LSA-C.C.P. Art. 3943 the judgment of divorce terminating alimony pendente lite became executory at the time it was rendered. In support of its conclusion, the court relied on Malone v. Malone, 282 So.2d 119 (La. 1973), which held that appeals from judgments denying, modifying, or terminating alimony as well as judgments awarding alimony are governed by Article 3943.
In support of her argument, Mrs. Whipple relies on Morris v. Morris, 426 So.2d 318 (La.App. 2d Cir.1983), writ denied, 433 So.2d 151 (La.1983), for the proposition that the alimony pendente lite continued to accrue pending the appeal of the divorce decree. Morris is also factually similar to the present case. There, the wife filed suit for separation and was awarded alimony pendente lite. The husband then obtained a judgment of divorce denying the wife permanent alimony and the wife appealed. While the appeal was pending, the wife filed a rule seeking to make executory alimony pendente lite accruing subsequent to the divorce decree.
The court in Morris concluded that alimony pendente lite continued to accrue while the appeal was pending, relying on Viser v. Viser, 243 La. 706, 146 So.2d 409 (La.1962). While Viser does stand for the proposition that alimony pendente lite continues to accrue pending the appeal of a judgment of divorce, we note that the court in Viser cited Cotton v. Wright, 193 La. 520, 190 So. 665 (La.1939), as controlling. However, as noted by Judge Sexton in his dissent in Morris, Cotton dealt with the right of the wife to collect alimony pendente lite accruing before the divorce and had nothing to do with alimony accruing subsequent to the divorce. The court in Cotton *1308 recognized that alimony pendente lite terminated with the judgment of divorce. We therefore do not consider Viser, and its misplaced reliance on Cotton, as controlling.
Further, the court in Morris sought to distinguish Donica on the basis that the court in Donica failed to note that it was dealing with "two types of alimony resting upon two separate and independent legal and theoretical bases." We do not find this distinction persuasive. The purpose of alimony pendente lite is to temporarily, pending litigation, provide for the spouse who does not have sufficient income for his or her maintenance. It is well settled that an award of alimony pendente lite automatically terminates upon divorce. See: Lewis v. Lewis, 404 So.2d 1230 (La.1981).
Here, in the divorce proceeding Mrs. Whipple prayed for and was awarded permanent alimony. If we applied the analysis used by the court in Morris to the facts of this case, we would be forced to conclude that Mrs. Whipple had two valid judgments, one awarding alimony pendente lite and one awarding permanent alimony, which she could execute upon. We note that the courts in Morris and Viser did not have to deal with this issue since the divorce judgment in both of those cases did not award permanent alimony but instead denied the wife permanent alimony.
We therefore conclude that the rule set forth in Donica is the proper interpretation of LSA-C.C.P. Art. 3943. As we noted, the purpose of that provision is to protect spouses from being deprived of necessary support pending appeal, not to allow a spouse who has already been awarded permanent alimony to continue collecting alimony pendente lite while an appeal is pending.
For the above reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant.
AFFIRMED.