The opinion of the court was delivered by
Nicholls, C. J.
The pleadings raise no issue as to the proceedings themselves as taken in the lower court other than that the rule which terminated in the order of imprisonment, of which the relator complains, was issued at the instance of the wife, and it is contended that a wife is prohibited from bringing suit against her husband, except in certain specially enumerated cases, of which this proceeding is not one. The rule for contempt is not a suit of the wife against her husband; it is action taken by the court itself upon having certain matters brought to its notice as involving a violation of its authority. It is immate *1508 rial that this information should have come from the wife — it is enough that it is derived from any one legally interested in the subject matter. • Besides the rule for contempt was a mere incident of a proceeding which was itself an incidental proceeding in a suit which the wife was officially authorized to institute.
Relator desires us to examine into the facts, of this particular case, with the view of ascertaining and announcing that the conclusions reached in respect to the same by the District Judge were erroneous— to declare that, in point of fact, relator’s failure to pay over the alimony ordered tobe paid to his wife arose not from wilful disregard and contempt of the court’s authority, but because he was 'by reason of the financial condition of his private affairs unable to comply with the order made upon him. The only question before us on this application for certiorari, outside of that which we have just passed upon, involves the “ power ” of the District Judge to have made the order he did. <•
We will consider this matter under the application for a writ of certiorari; as habeas corpus, as a substantive writ, can not be made available in this case. Art. 89 of the Oonstitution.
The two grounds upon which relator relies are: First, that the wife being entitled to other remedies to enforce payment of the alimony decreed than that sought through the rule for contempt (as, for instance, by writ of fieri facias) is barred from resorting to this special extraordinary method for relief; and, second, that the “ order ” in question, for the payment of alimony, evidenced a debt in favor of Ms wife, and he is (now under the court’s commitment) illegaliy imprisoned as for imprisonment for debt, which imprisonment for debt was abolished by Act No. 117 of 1840.
Articles 119 and 120 of the Civil Code declare “ that the husband and wife owe to each other mutual fidelity, support and assistance * * * the husband is obliged to furnish (the wife) with whatever is required for the convenience of life in proportion to his means and condition.” . *
The obligations thus declared by the lawmaker are in no sense of the words “ debts ” due by the spouses — they are simply recognized legal duties, which it is of paramount' importance to the welfare of society should be not only recognized but enforced by the courts. An order for alimony in a divorce suit is nothing more than the judicial sanction and enforcement (under abnormal conditions) *1509 through the judiciary of the duty by the husband to support the wife.
A right to receive or demand support (or money in order to afford support) is something other and different than a right to receive and be paid a technical legal debt. There are many cases where the right to claim and receive money is not derived from nor based upon the relation of creditor and debtor between the parties. Judgment in such cases recognizing the right and ordering its enforcement are not necessarily judgments for debt.
The mere fact that the judicially recognized right may be enforced through fieri facias.is not determinative of its legal character. It is by no means unusual for the same right to be enforceable by concurrent or cumulative or consecutive remedies. It sometimes happens that resort to one method of enforcement is made an essential prerequisite to obtaining subsequent relief through a different mode and manner. The writ of fieri facias, with the sheriff’s return thereon of “no property found,” as is well known, sometimes furnishes merely the “ evidence ” upon which courts have to base their right to proceed in certain statutory proceedings. The writ with that return upon it is usually (though not necessarily) made use of as evidence of insolvency. A party, however, may by various methods place his property beyond the reach of seizure by the sheriff, when in point of fact he may have ample means, and under such circumstances the writ with its return may serve as links in a chain of evidence by which to establish default, contumacy and contempt of court. They were obviously, as shown by the judge’s return, made use of in this case for that purpose.
The question which we have been called on to discuss, though a new one in Louisiana, has been frequently made the occasion of examination and decision in other States. In Ex parte Perkins (18 California, 64), the Supreme Court of California, referring to a contention such as that raised here, said: “This is not a debt within the meaning of the article forbidding imprisonment for debt. The husband is bound to support the wife, yet this duty is an imperfect obligation which is not technically a debt. He does not owe her any specific amount of money, but he owes a duty to her which may be. enforced by the order of a court compelling him to pay her money. So alimony temporary or permanent may be decreed by the court, and this may be done not in one gross sum, or at One time, but in *1510 different sums and at different times at the discretion of the court. Nor does this power exhaust itself merely by a mere provision for the actual necessary support of the wife during the' litigation. But it is equally within the power of the court to decree the payment of the legal expenses of the suit. Legal expenses may well be included in this provision, and this includes the fees to attorneys. This is not a debt, as has been decided by the Supreme Court of Connecticut in Lyon vs. Lyon, 21 Conn. 185.”
Bishop on Marriage and Divorce, paragraph 428, page 370, Sixth Edition, referring to this matter says: “ Though the husband’s liability to pay money is distinctly recognized in the law and is enforceable against him and his property, it is not a ‘ debt.’’ ” In support of this proposition the author cites Pain vs. Pain, 80 N. C. 322; Menzie vs. Anderson, 65 Ind. 239-though to the contrary Chase vs. Chase, 105 Mass. 385.
In Carlton vs. Carlton, 44 Ga. 219, the court refers to the order of a court for alimony as not being a final judgment, but one which is at any time open to modification and re-examination. In dealing with the particular subject of a violation of the order furnishing the basis for contempt, with reference to imprisonment for a debt, it said: “The imprisonment must be clearly for the process of the court, and be of one who is able and unwilling to obey the order of the court. It must be remembered also that the imprisonment by a judge for contempt is always conditional, and is at his discretion, and may, at any time, by the same discretion be discharged. And very clearly it ought never to be resorted to except as a final process founded on the unwillingness of the party to obey. The moment it appears that there is inability it would clearly be the duty of the court to discharge the party, since it is only the contempt for the disobedience upon which the power rests.”
In Daniels vs. Lindly, 44 Iowa, 569, the court said: “ The claim of the wife for alimony is not in the nature of a debt. She is not the creditor of the husband — it is an equitable allowance made to her out of her husband’s estate.”
In Pain vs. Pain, 80 N. C. 325, the court said: “The allowance is not a debt within the meaning of the Constitution as contended before us for which imprisonment is not permitted. It is an order of a competent court only to be enforced as are other judicial commands, when necessary by process of attachment against the person. The *1511 power to award the process is inherent in the court — essential to the exercise of its jurisdiction and the maintenance of its authority. Without the ability to compel obedience to its mandates, whether the order be to surrender writings in possession of a party to execute deeds of conveyance to pay money as in the present case or to perform any other act the court is competent to require to be done, many of its most important functions would be paralyzed. The wilful disobedience of a lawful order is itself criminal.” We have reached the conclusion after a careful consideration of the question before us that the District Judge was in the premises acting within his jurisdiction and possessed the “ power” in a proper case to punish by imprisonment a husband who had been ordered by it to pay alimony to his wife and who had continuously refused to obey its order, while able to do so. The imprisonment may in a given case lead up indirectly as its result to the payment of the money, but the imprisonment itself is directed as a punishment against a contempt of the court ordering it.
For the reasons herein assigned, it is ordered, adjudged and decreed that the orders heretofore rendered in this case be and the same are hereby set aside, and the application of the relator be and the same is hereby refused and denied.