## HAUSSER v. HAUSSER et al. *

### No. 16887.

Court of Appeal of Louisiana. Orleans.

May 30, 1938.

George Montgomery and Friedrichs, Connolly & Simoneaux, all of New Orleans, for appellant.

James N. Brittingham, Jr., of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a revocatory action brought by Mrs. Mary Rusconi Hausser, the divorced wife of Jacob W. Hausser, to set aside a sale by Jacob Hausser to his sister, Edna C. Hausser, of certain property described in her petition as in fraud of her rights and those of her minor child as judgment creditors of Jacob Hausser. The judgment which forms the basis of plaintiff's action was one for alimony for herself and her minor son in the sum of $10.00 per week and was in connection with her decree of divorce rendered June 2, 1927. The suit was brought against Edna C. Hausser and Jacob Hausser, who was represented by a curator ad hoc. Defendants answered and averred that the sale was made in good

faith and for the purpose of effecting a partition. After a trial upon the merits, judgment was rendered on November 29th, 1937, dismissing the suit as to Edna C. Hausser and maintaining plaintiff's claim as against Jacob Hausser, who was condemned to pay plaintiff $10.00 per week beginning April 15, 1934. From this judgment plaintiff has appealed.

It appears that following a decree of divorce obtained in 1927, which was preceded by a preliminary decree of separation upon the ground of abandonment, that Jacob Hausser left his domicile in this City and State and moved to Germany, where he resided continuously for six or seven years. The $10.00 per week alimony was paid regularly on his behalf by his sister, Edna, who kept a careful account and obtained a receipt for each payment during the period from April 25, 1931 until March 31, 1934. There was a subsequent payment of alimony under date of June 13, 1934, and thereafter all payments ceased. On the 11th day of April, 1934, Mrs. Mary Jane O'Rourke Hausser, mother of Jacob and Edna Hausser, died and her succession was opened in the Civil District Court for the Parish of Orleans under the No. 207944 of the docket thereof. Mrs. Hausser's heirs consisted of Jacob and Edna Hausser and a grandchild, Mrs. J. A. Chutz, the daughter of a predeceased child. Shortly after Mrs. Hausser's death, Edna Hausser sent for her brother and advanced him money for his traveling expenses from some point in Germany to New Orleans. When Jacob Hausser arrived here he joined with his sister in the purchase of Mrs. Chutz' interest in the real estate belonging to the succession, which consisted of two parcels, No. 733 Toulouse Street and Nos. 3024-26 Republic Street, in the City of New Orleans. The sale was dated June 11, 1934. The consideration was $200.00 and Jacob's half of that amount was advanced by his sister Edna. On June 22, 1934, by act before Albert E. Moulin, Notary Public, Jacob sold to his sister, Edna, his interest in the succession property for $1,000.00 cash, and the assumption by her of the debts of the succession. Very soon after the consummation of this sale, the exact date being uncertain, Hausser returned to Germany. In the meanwhile, his wife attempted to have him arrested by preferring charges against him in the Juvenile Court for failure to support his minor child, but before the capias could be served upon him he had departed. The value of the real estate in which Jacob Hausser had a one-half undivided interest is conceded to be $5,800.00 and the succession's debts $3,200.00, leaving a net value of $2,600.00, one-half of which belonged to Jacob after acquiring one-half of Mrs. Chutz' interest. Since Edna Hausser had advanced to her brother by the date of the sale $350.00, for traveling expenses and otherwise, it is apparent that he received a fair consideration for his interest in the succession property. However, we are convinced that Edna Hausser knew, at the time she purchased her brother's interest, that the judgment which had been rendered against him in June, 1927, ordering the payment of weekly alimony to his wife and child, was in default, and that she also knew that the only property which her brother owned in this State consisted of his undivided one-half interest in the succession of their mother and that, to a certain extent at least, she facilitated him in avoiding the natural and legal obligation to contribute to the support of his wife and child by leaving the country with the proceeds of the sale of the only asset that he had. The judgment of divorce was not recorded at the time of the sale, but that fact is of no importance since the purchaser had actual knowledge of its existence. However, on November 15, 1935, the judgment was recorded in Mortgage Book 1485, Folio 342.

In Danjean v. Blacketer, 13 La.Ann. 595, we find the following: "When a party purchases property from an absconding debtor, it is presumed that he must have known, that his vendor's object in selling his property was to deprive his creditors of their recourse upon it."

That Miss Edna Hausser knew of her brother's intention to deprive his wife and child of any recourse upon his property for the satisfaction of her judgment is made clear by the record. Jacob Hausser, upon his return from Germany where he had been for a number of years previous to the sale, lived in his sister's home, No. 733 Toulouse Street, one of the properties of the succession which she acquired by the purchase. Jacob's wife, the plaintiff, endeavored to see him there, and, according to her testimony, was unsuccessful. She says that it was on June 13, 1934, while her husband was in the home of his sister, and upon the occasion of her visit there, that she obtained the last payment of ali-

mony. This payment, she says, was handed to her by Miss Edna Hausser, her husband having refused to take up the matter with her direct. At the same time, when Edna Hausser was asked when additional alimony would be paid, she replied that her brother did not know when he would be able to make any further payments. While she paid her brother a fair price when previous advances are considered, Miss Edna Hausser enabled her brother to deprive his wife of any means of executing her judgment for alimony with complete knowledge of the facts, if not with enthusiastic co-operation. The sale was in reality a dation en paiment to the extent of the $350.00, which Jacob owed his sister, Edna, and to that extent she became a preferred creditor. The fact that there was no specific showing of insolvency is immaterial. The only asset that Jacob had was his interest in the succession property, as Miss Edna Hausser well knew. She had to lend him the money to enable him to come to this country.

In Bank of Mobile v. Harris, 6 La.Ann. 811, we find: "The just principle of the Spanish law still prevails, that the debtor who sells the whole of his property, to the prejudice of a creditor, is presumed to do it maliciously, and with the intention to defraud. 5 Part. tit. 15, l. 7."

Our conclusion is that the sale must be set aside as in fraud of the rights of petitioner.

We have next to consider whether the property shall be subjected to the future installments due for alimony or its liability limited to the payment of the accrued portion of the judgment which, at the time of the sale, was the sum of $90.00.

In Wright v. Wright, 189 La. 539, 179 So. 866, it was held that (page 867): "A judgment for alimony is not a 'final judgment,' but is always subject to review and change as to future installments in the court which rendered it. Rev.Civ.Code Art. 232. A money judgment is a vested right and not subject to change."

The court in this opinion quoted the syllabus of State ex rel. Huber v. King, Judge, et al., 49 La.Ann. 1503, 22 So. 887, as follows: " '1. An order for alimony.in a divorce suit is nothing more than the judicial sanction and enforcement, under abnormal conditions, through the judiciary, of the duty by the husband to support his wife. Rev.Civ.Code, arts. 119, 120.' "

In Baker v. Jewell, 114 La. 726, 38 So. 532, it was held that the recordation of a judgment for alimony creates a judicial mortgage, saying (page 534): "It is true that such decrees are not based upon demands for technical 'debts, but it is not essential to the existence of a judgment that the rights recognized and ordered to be enforced should be based upon conventional debts. The decrees rendered against the defendants in action ex delicto for damages for personal injuries, or those based upon statutory obligations imposed upon defendants, are as much judgments as are those based on technical debts. In State ex rel. Huber v. Judge et al., 49 La. Ann. 1503, 22 So. 887, this court said:

" 'A right to receive or demand support (or money in order to obtain support) is something other and different from a right to receive and be paid a technical legal debt. There are many cases where the right to claim and receive money is not derived from nor based upon the relation of creditor and debtor between the parties. Judgments in such cases, recognizing the right and ordering its enforcement, are not necessarily judgments for debts.'

"We fail to see any logical reason why decrees for alimony should not fall under and properly be classed as judgments, and, if they be judgments, recording of the same creates judicial mortgages in favor of those owning them."

In Snow v. Snow, 188 La. 660, 177 So. 793, our Supreme Court, through Chief Justice O'Neill, in an exhaustive discussion of the effect of alimony judgments, said, among other things, that a judgment for alimony in favor of a divorced woman, which was delinquent, was a final judgment which could not be affected by a subsequent showing that the debtor was financially unable to pay the alimony when it became due so far as the amount that is delinquent is concerned, saying (page 799): "There is no reason why a judgment for alimony, as to the amount which has become past-due since the judgment was rendered, should not be protected by the provision in article 548 of the Code of Practice, that a judgment, when once rendered, becomes the property of the one in whose favor it has been given, and cannot be annulled or amended except by the method and for the causes prescribed by law."

In Sistare v. Sistare, 218 U.S. 1, 30 S. Ct. 682, 54 L.Ed. 905, 28 L.R.A., N.S.,

1068, 20 Ann.Cas. 1061, quoted with approval in the Snow Case, it was said: "First, that, generally speaking, where a decree is rendered for alimony and is made payable in future instalments, the right to such instalments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since, as declared in the Barber Case, 'alimony decreed to a wife in a divorce or separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' Second, that this general rule, however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the instalments becoming due."

As has been seen a judgment for alimony in this State insofar as future installments are concerned does not create an absolute or vested right in the judgment creditor and may be modified by subsequent decree of the Court which rendered the decree upon application of the judgment debtor, consequently, we believe that the only amount for which the plaintiff's judgment may be said to have been executory and final at the time of the transaction complained of—June 22, 1934—was the sum of the past due installments amounting to $90.00 or nine weeks alimony of $10.00 each.

Article 1977 of the Revised Civil Code reads as follows: *"Judgment in case fraudulent contract avoided*—The judgment in this action, if maintained, shall be that the contract be avoided as to its effects on the complaining creditors, and that all the property or money taken from the original debtor's estate, by virtue thereof, or the value of such property to the amount of the debt, be applied to the payment of the plaintiff."

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the plaintiff, Mrs. Mary Rusconi Hausser, in her personal capacity and as mother and for account of the minor child, Gerard William Hausser, and against Edna C. Hausser and Jacob Hausser, in solido, ordering that the sale of the property described in plaintiff's petition, under date of June 22, 1934, before Albert E. Moulin, be annulled, avoided and set aside and that the one-half undivided interest of Jacob Hausser be held subject to the judgment of Mrs. Mary Rusconi Hausser, presently recorded in Mortgage Office Book 1485, Folio 342, to the extent of $90.00. All costs to be paid by defendants.

Reversed.

