STOULIG, Judge.
Appellee’s motion to dismiss raises the issue as to whether an appeal from a judgment maintaining an exception of lis pendens and dismissing a suit of separation from bed and board must be taken within the 30-day period governing appeals in matters relating to actions of separation from bed and board, as prescribed in LSA-C.C.P. art. 3942, or within the 90-day general statutory delay for devolutive appeals provided in LSA-C.C.P. art. 2087.
The pertinent facts involved in the consideration of this motion are as follows: While a judgment dismissing the original and reconventional' demand for a separation from bed and board predicated on abandonment was pending on appeal, appellant filed a second proceeding seeking the same relief based upon living separate and apart for more than one year. An exception of lis pendens was lodged by the ap-pellee on the basis of the pending appeal in the prior separation action. Judgment was rendered maintaining the exception and dismissing the second proceeding. Some 55 days after the notice of judgment, appellant filed his motion for appeal. The ap-pellee maintains that the appeal was not timely filed within the 30-day period as provided in LSA-C.C.P. art. 3942.
At the outset it must be observed that an exception of lis pendens is not dispositive of the merits of the action but is a procedural device to prevent a multiplicity of suits having the same object. It follows that the trial court’s dismissal of appellant’s second separation suit did not adjudicate the merits of the demand but disposed of the matter on a technical procedural basis. We are not concerned with the correctness of this judgment of dismissal but only with the timeliness of the appeal taken from it.
*319 Is a judgment of dismissal on an exception a judgment of refusal of a separation from bed and board? If the judgment dismissing the suit on an exception of lis pen-dens constitutes a refusal to grant a separation within the contemplation of LSA-C.C.P. art. 3942, then the 30-day appeal .period will prevail; otherwise the general period of 90 days will control.
The only jurisprudential expression we can find in this respect is contained in the case of Wynder v. Wynder, 240 So.2d 42S (La.App.2d Cir. 1970). There the court equated a judgment maintaining an exception of no right of action with a judgment of refusal to grant a separation, by applying the 30-day period within which to perfect an appeal from it.
Though a distinction may be made between a declinatory exception (lis pen-dens) and a peremptory exception (no right of action), our Code of Civil Procedure in Articles 932 and 934 provides the identical penalty of dismissal if the grounds of the objection cannot be removed by supplemental or amended pleadings. By analogy we conclude that the legal significance of a dismissal resulting from an exception of lis pendens and no right of action is the same. Applying Wynder, we are constrained to hold that this appeal from the judgment maintaining the exception of lis pendens and dismissing appellant’s suit should have been perfected within 30 days.
Since the exception of lis pendens is not determinative of the merits of the issue, should the judgment of the lower court dismissing the first suit be affirmed on appeal, the parties still have the right to reinstitute an action for separation based on living separate and apart for more than one year, the cause of action asserted in the second suit.
For the foregoing reasons this appeal is dismissed at the appellant’s cost.
Appeal dismissed.