277 So.2d 468 (1973)
Elsie Cecile DOBARD, wife of Anthony L. PALAMA
v.
Anthony L. PALAMA.
No. 5472.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1973.
*469 Law Offices of Steven R. Plotkin, Steven R. Plotkin, John Cosentino, New Orleans, for plaintiff-appellant.
Polack, Rosenberg & Rittenberg, Patrick M. Reily, New Orleans, for defendant-appellee.
Before SAMUEL, LEMMON and GULOTTA, JJ.
LEMMON, Judge.
Mrs. Anthony L. Palama sued her husband for separation from bed and board, grounded on abandonment. The husband answered, admitting that he had left the matrimonial domicile, but denying the other allegations relative to abandonment. He reconvened for a separation based on abandonment and cruel treatment. After a trial on the merits, judgment was rendered dismissing both the main demand and the reconventional demand. Mrs. Palama appealed, and her husband answered the appeal.
Mr. and Mrs. Palama were married in 1953. No children were born of the marriage, but Mrs. Palama's nephew and granddaughter by a previous marriage lived with them.
The two parties were the only witnesses at trial and agreed only on the fact that Palama left the family home on July 25, 1970.
Mrs. Palama testified that her doctor advised her on April 14, 1970 to take a one month vacation because of high blood pressure; that she visited her daughter in Nevada from April 17 through June 6, staying an extra week with her husband's permission to attend her grandson's birthday party; that her husband called her twice a week while she was there; that ten days after she returned, he announced he had been living in hell for 17 years and was leaving her; that she was shocked at this announcement because they had always gotten along well before; that he went out every night between June 16 and July 25 to a local veterans' club and came home intoxicated; that she offered to go to a marriage counselor, but her husband wasn't interested; that she told him she didn't intend to go through life in this manner and helped him pack his clothes, bedding, towels and television; that after July 25, he visited the house almost every day, cutting the grass and fixing the car, appliances *470 and other things; that they remained friends and telephoned each other until shortly before trial; that he didn't ask her to resume the marital relationship nor did she ask him; and that she did not contact a lawyer until her husband stopped giving her money to pay bills.
Mr. Palama testified that in their earlier relationship there were some "beautiful" days and some bad ones; that his wife, because of nervousness caused by the children, was advised to take a vacation of two weeks; that before she left she stated she had stopped loving him three years ago and that he was the one causing her sickness; that while in Nevada she informed him she was staying seven weeks in order to get a divorce; that when she returned she kept nagging him and suggesting that he leave; that she began going to their fishing camp from Friday until Sunday, although they had always gone to the veterans' club on Friday nights; that he hadn't drunk to excess since 1964 because of a heart condition; that she refused sexual relations; that since it seemed she was forcing him out, he decided to leave; and that he asked her to allow him to return, but she refused.
We view the conflicting evidence as presenting a case of marital disharmony, falling short of cruel treatment, in which the parties mutually agreed that one party would leave and remain away from the existing marital domicile. Living apart by mutual agreement does not constitute abandonment: there must be a voluntary and unjustified separation by one spouse without the voluntary agreement of the other and with the intent of terminating the marital relationship.
We conclude that neither party proved entitlement to a separation based on fault.
The judgment is affirmed.
Affirmed.