323 So.2d 823 (1975)
Anthony L. PALAMA
v.
Elsie Cecile Dobard, wife of Anthony L. PALAMA.
No. 7039.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1975.
Rehearings Denied January 13, 1976.
Writs Refused February 17, 1976.
*824 Morrison & Reily, Patrick M. Reily, New Orleans, for plaintiff-appellant.
Tucker, Schonekas & Garrison, Gibson Tucker, Jr., New Orleans, for defendant-appellant.
Steven R. Plotkin, Theresa A. Tamburo, New Orleans, for intervenor-appellant Steven R. Plotkin.
Before STOULIG, BOUTALL and BEER, JJ.
BEER, Judge.
This domestic donnybrook has a history of appeals to this court[1] which, we believe, now obviate the necessity of burdening this opinion with additional details. We shall concern ourselves with the specific provisions of the trial court's judgment as it deals with the particular issues raised by all appellants in this latest appeal.

THE ISSUE OF FAULT
We agree with able counsel for Mrs. Palama that there is a difference between a finding of mutual fault (which bars the wife's ability to receive alimony for her own support) and a finding that the marriage is simply dissolved on the basis of two years separation regardless of which party actually took the first step to commence the running of the period required for such separation and ultimate divorce. However, we do not find that distinction to be material in these proceedings in view of the trial judge's factual finding that Mrs. Palama's actions and conduct during the marriage independently and proximately contributed to the separation (and, ultimately, to the divorce). We do not find this factual determination by the trial court to be inconsistent with our previous opinion which described the relationship between the parties as "a case of marital disharmony, falling short of cruel treatment. ..." Nor do we conclude that the trial court was in error in its determination that its finding properly supports its conclusion that no alimony is due. Mrs. Palama did not carry the burden of proof necessary to establish her entitlement to alimony. She has failed to prove that she is free from fault. We recognize no presumption in this regard. The wife who claims to be free of fault has the burden of proving that critical allegation. Richardson v. Richardson, 275 So.2d 845 (La.App. 4th Cir. 1973).

DEBITS AND CREDITS TO THE COMMUNITY AND TO THE INDIVIDUAL LITIGANTS
Neither the previous payments of alimony pendente lite made to Mrs. Palama from July 20, 1972 onward, nor the various other payments made by Mr. Palama from that date shall now be considered by us as forming the basis for any credit. We are not disposed to burden this already voluminous record with the complicated accounting procedures necessary to make minor adjustments between the embattled parties to this protracted litigation. The various small payments allegedly made by Mr. Palama are "water under the bridge" and *825 shall not be given further consideration in connection with the resolution of this complex matter.
The record does support a finding that Mr. Palama made a direct and traceable expenditure of his separate funds in the amount of $1,950 when the community obtained Lot 11, Square 18, Versailles Subdivision and it is in order that credit be allowed with respect to that expenditure. Likewise, we conclude that Mrs. Palama has carried the burden of establishing the paraphernal nature of the three $1,000 Schwegmann Bonds described in the judgment of the district court, and the lack of testimony or other evidence to the contrary requires a conclusion in her favor on this point notwithstanding the trial court's observation that her testimony on this issue appeared questionable to him. Mrs. Palama's uncontradicted testimony, supported by documented proof, confirms the sources of her separate funds. Approximately $2,000 came as a result of an inheritance from her parents' estates and approximately $1,000 came from the payment to her of the cash surrender value of an insurance policy purchased prior to her marriage. Thus, we are inclined to the belief, taking all factors into consideration, that the record supports Mrs. Palama's vigorous contentions in connection with this aspect of the litigation.
The two credits hereinabove described are the only individual ones that can be recognized.
However, certain credits are clearly due the community. There is no serious objection by either party to the claiming of a credit by the community in the amount of $9,500 which the trial court properly found to be the enhanced value of community expenditures for improvements on Lot 12, Square 48, Versailles Subdivision (the separate property of Mr. Palama). Likewise, there is no serious objection to the allowance of a credit to the community for that amount which is judicially determined to be the enhanced value of community expenditures for improvements on Lots 13 through 16 of Square 48, Versailles Subdivision. However, there is much conflict between the parties regarding valuation. LSA-C.C. Article 2408 provides that the community is entitled to recover the increase or enhancement in value of Mr. Palama's separate property which resulted from community labor, industry or expense. Abraham v. Abraham, 230 La. 78, 87 So.2d 735 (1965). The recovery is not determined on the basis of the amount expended but is limited to the enhanced value resulting from their expenditures.
When improvements are made on separate property during the marriage, a presumption exists to the effect that these improvements were paid for from community funds. Smith v. Garrison, 137 So.2d 505 (La.App. 3rd Cir. 1962). And if, as was the case here, such expenditures did enhance the value of Mr. Palama's separate estate, then the community is entitled to credit for the enhancement.
The premiums for the insurance coverage in the amount of $25,000 covering the improvements constructed on Mr. Palama's separate property were paid with community funds. This policy was apparently obtained during the existence of the community and at a point in time when neither party had any particular reason to believe or suspect that domestic difficulties would arise. We conclude that the policy limits contracted by the Palamas represent a fair estimate of the full extent of the worth of the improvements constructed on the separate property. Payment of the total policy amount subsequent to destruction of these improvements by fire represents, we believe, the liquidated value of the construction placed on Lots 13-16, Square 48, Versailles Subdivision.
The evidence indicates that at least $15,000 of community funds were utilized in the original construction of these improvements. Comparison of this figure to the coverage afforded by the policy supports *826 the view that the property was enhanced in value subsequent to the original expenditure by approximately $10,000. We conclude that this increase was due to community efforts so that $10,000 is owed the community under Article 2408, supra.
Furthermore, the balance of $15,000 approximates the amount expended by the community to improve Mr. Palama's separate estate. Thus, we conclude that although the insurance coverage originally provided protection against insured perils, the proceeds from the policy are now due the community to the extent of its original advance of $15,000. The policy was, itself, a community asset obtained during the existence of the community with premiums thereon presumptively paid by community funds.
Accordingly, the proceeds are, in their entirety, due the community and each party is entitled to one half thereof. Under Article 2408, supra, each is entitled to $5,000 representing half the enhanced value of the separate property. Each is, likewise, entitled to one half of the $15,000 proceeds from the insurance policy which represents the community interest in the separate property, although this right flows from a general division of the community and has no relationship with the right protected by Article 2408.

SEPARATE PROPERTY AND COMMUNITY PROPERTY
There appears to be no serious argument with respect to the conclusion of the trial court concerning ownership of the real estate which is involved in this litigation. Specifically, there is basis in the record for the trial court's determination that Lots 12 through 16, Square 48, Versailles Subdivision are the separate property of Anthony Palama and that Lot 11 of Square 48, Versailles Subdivision and Lots 56, 57 and 58 of Square 76, LaSalle Terrace, designated as 2135 Beauregard Avenue, Chalmette, Louisiana are the property of the community of acquets and gains that existed between Mr. and Mrs. Palama. Finally, in this connection, there appears to be no serious objection to the determination that, except as noted above, all of the property inventoried and listed on the return of Charles H. Livaudais, Notary Public, is community property.

FEES OF THE ATTORNEYS, NOTARY PUBLIC APPRAISERS, AND EXPERT WITNESSES
No serious objections are made to the various fees which were taxed as costs in these proceedings including the expert witness fee of Mr. Bert Rowley and the fees of the notary and appraisers appointed by the court. We find no merit in the contentions of Steven R. Plotkin, Attorney at Law, relative to his standing in these proceedings seeking an increase in the amount already awarded to him for professional services. No appeal was taken from the award made by the trial court on June 5, 1974 and we do not now consider that this claim is properly before us. Post v. Rodrigue, 205 So.2d 67 (La.App. 4th Cir. 1967). Thus, we conclude that in all respects the various fees and costs covered by the judgment of the trial court are in order and should be affirmed.

DECREE
The judgment of the district court is affirmed insofar as it decrees a divorce a vinculo matrimonii between the parties; adjudicates the status of the real estate and the property listed in the inventory of Charles H. Livaudais, Notary Public; sets the fees and costs to be taxed; recognizes the enhancement value of Lot 12, Square 48, Versailles Subdivision; and recognizes the expenditure of separate funds by Mr. Palama in the amount of $1,950. It is amended with respect to the determination of the enhancement value of community expenditures for improvements on the separate property of Mr. Palama designated *827 as Lots 12 through 16, Square 48, Versailles Subdivision and is reversed in connection with the allowance of credits for alimony pendente lite and payments for other incidental community indebtedness from July 26, 1972 to date and with respect to the designation of the three $1,000 Schwegmann Brothers bonds, previously described, which are deemed to be the separate property of Mrs. Palama.
Accordingly, it is now ordered, adjudged and decreed:
1. There be judgment herein in favor of Anthony L. Palama decreeing a divorce a vinculo matrimonii between him and Elsie Cecile Dobard Palama;
2. The following property is adjudged to be the separate property of Anthony L. Palama: Lots 12, 13, 14, 15, 16 of Square 48, Versailles Subdivision;
3. There be a credit to the community in the total amount of $34,500;
4. The following property be adjudged to be the property of the community: Lots 56, 57 and 58 of Square 76, LaSalle Terrace, designated as 2135 E. Beauregard Avenue, Chalmette, Louisiana;
5. There be a credit to Anthony L. Palama in the sum of $1,950;
6. Mrs. Elsie Cecile Dobard Palama be and she is hereby recognized as the paraphernal owner of the three $1,000 denomination "Schwegmann Bonds;"
7. With the exceptions noted above all of the items of property inventoried and listed on the return of Charles H. Livaudais, Notary Public executed on November 21, 1972 and filed in these proceedings on January 24, 1973 be adjudged property of the community;
8. The fees of the notary public in the amount of $1,807.70 and the two appraisers in the amount of $451.92 each be approved and recognized as debts of the community;
9. The claim of Steven R. Plotkin, Attorney at Law for an additional fee is rejected and the fees of Mr. Plotkin and Patrick M. Reily, Attorney at Law, in the amount of $3,500 each are adjudged to be debts of the community;
10. That the costs of the proceedings in the trial court and in this court be adjudged debts of the community;
11. To the extent that the judgment of the Twenty-Fifth Judicial District Court for the Parish of St. Bernard dated June 5, 1974 shall be in conflict with the foregoing, it is reversed and set aside.
Affirmed in part; reversed in part; amended in part and rendered.
NOTES
[1] Palama v. Palama, 268 So.2d 318 (La.App. 4th Cir. 1972). Palama v. Palama, 277 So.2d 468 (La.App. 4th Cir. 1973).