347 So.2d 938 (1977)
Leotha Fields, wife of Frank P. GONDRELLA
v.
Frank P. GONDRELLA.
No. 8135.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1977.
Emile L. Turner, Jr., and David M. Packard, New Orleans, for plaintiff-appellee.
Martin A. Welp, New Orleans, for defendant-appellant.
Before REDMANN, SCHOTT, MORIAL, LEMMON and STOULIG, JJ.
SCHOTT, Judge.
Following a divorce between these parties partition proceedings were conducted with the result that the community property was sold at public auction and the notary public filed a rule against the parties to show cause why his proces verbal should not be homologated. This would have divided the net proceeds remaining after payment of the costs of the partition proceedings and sheriff's sale equally between the parties. Both parties contested the proposed distribution, Mr. Gondrella claimed a credit from the mass for $3,615 which he *939 paid in alimony pendente lite between January 24, 1966, and the date of the final divorce and for $2,986 which he paid to the holder of the mortgage on the family home from January 24, 1966, until the mortgage was paid off. Mrs. Gondrella claimed that a personal injury settlement made by Mr. Gondrella for $4,878 in connection with an accident which occurred on April 5, 1967, fell into the community between the parties. She asked that this amount be treated as an offset against his claims.
At trial, pursuant to a stipulation between the parties, all of the net proceeds were divided between them with the exception of a sum totaling the three items raised by the parties. The trial court ordered that the sums paid by Mr. Gondrella on the mortgage and for alimony pendente lite be credited to him, and that the amount of the settlement be considered an asset of the community mass with the result that it would be divided equally between the parties. From this judgment both parties have appealed.
Mrs. Gondrella has, for the first time, raised an additional issue in this court. She claims that if Mr. Gondrella is entitled to a credit for payments on the mortgage this should be limited to the period commencing in December, 1966, when he first reconvened for a divorce and not commencing in January, 1966, when she initiated separation proceedings.
With respect to the alimony payments made by Mr. Gondrella, he is not entitled to reimbursement out of the community funds for this amount. He relies primarily on McElwee v. McElwee, 255 So.2d 883 (La.App. 2nd Cir. 1971) writs refused, 260 La. 861, 257 So.2d 434, in which the following was said:
"The trial judge held the obligation of the husband to maintain the wife during the marriage in the manner in which she had become accustomed, as recognized and enforced by La.Civ.Code Art. 148, should be discharged by community funds, if available. Although the jurisprudence on this subject is somewhat confusing, we are of the opinion the trial judge's conclusion is correct under the holdings in the following cases: Cordaro v. Cordaro, 168 So.2d 886 (La.App. 2nd Cir. 1964); Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169 (1956); White v. White, 159 La. 1065, 106 So. 567 (1925)."
While the McElwee case is distinguished on its facts from the instant case, we acknowledge that the rule as stated does support Mr. Gondrella's position. However, in Palama v. Palama, 323 So.2d 823 (La.App. 4th Cir. 1975) writs refused, La., 326 So.2d 381, this court held that previous payments of alimony pendente lite do not form the basis for a credit to a husband from community funds.
LSA-C.C. Art. 148 provides for alimony pendente lite in favor of the wife where she has not a sufficient income for her maintenance as "a sum for her support, proportioned to her needs and to the means of her husband." The article relates the amount of alimony to the circumstances of the parties while the payments are being made. It does not suggest that some debt is being created against the community and in favor of the husband if and when the community is dissolved by a subsequent judgment of separation or divorce. This is consistent with the jurisprudence which has considered the relationship among C.C. Arts. 148, 119 and 120.
Article 148 alimony provides for judicial enforcement of the husband's obligation to support her under Arts. 119 and 120. These obligations result from the marriage itself and are not a mere appendage to separation and divorce proceedings. Cortes v. Fleming, 307 So.2d 611 (La. 1973), Small v. Small, 173 So.2d 854 (La.App. 4th Cir. 1965). The obligations are not "debts" due by the spouses but are simply recognized legal duties to be enforced by the court by means of an alimony order. "A right to receive or demand support (or money, in order to afford support) is something other and different than a right to receive and be paid a technical legal debt." State v. King, 49 La.Ann. 1503, 22 So. 887 (1897).
*940 When Mr. Gondrella complied with the order of support the community had not yet been dissolved. Even though the effect of the judgment of divorce was to dissolve the community as of the date when he filed his reconventional demand for the divorce, this was "without prejudice . . . to rights validly acquired in the interim between commencement of the action and recordation of the judgment." C.C. Art. 155. It would be inconsistent with this article to charge Mrs. Gondrella's interest in the community fund for the alimony payments made to her under Art. 148. See the article by Robert A. Pascal, XXIII La.F.R. 41 in which it is said that under Art. 155 "it would seem quite clear that alimony pendente lite no longer can be charged `to the community' if a judgment of separation or divorce is rendered."
We subscribe to our previous holding in Palama v. Palama, supra, and accordingly will reverse that portion of the trial court's judgment which allowed Mr. Gondrella a credit against the community for the $3,615 he paid in alimony.
As to the payments made by Mr. Gondrella on the mortgage, however, a different result obtains. His payments were made from his separate funds and enhanced the community which was effectively dissolved (by the subsequent judgment of divorce) before the payments were made. There is no statutory, jurisprudential or logical basis for holding that Mrs. Gondrella's half interest in the community funds which was directly enhanced as a result of his payments should not be charged for half of his payments. This is the effect of charging the mass of the community proceeds with the total paid by Mr. Gondrella and that portion of the judgment of the trial court is correct.
As to Mrs. Gondrella's contention that this credit should be reduced by the amounts paid on the mortgage between January and December, 1966, we have already observed that this argument was raised for the first time in her brief to this court. The only evidence in the record is that a lump sum of $2,968 was paid on the mortgage from January, 1966, until the mortgage was paid off. There is no evidence as to exactly how much was paid until December, 1966, and we cannot accept the figures in Mrs. Gondrella's brief as sufficient to establish her claim.
Finally, the trial judge erred in allowing Mrs. Gondrella to recover any part of the settlement funds received by Mr. Gondrella. His accident occurred on April 5,1967, the judgment of divorce was signed in December, 1967, and he made the settlement in 1969. Pursuant to our opinion in Aime v. Hebert, 254 So.2d 299 (La.App. 4th Cir. 1971), the settlement amount is the separate property of Mr. Gondrella.
Accordingly, that portion of the judgment allowing a credit to Mr. Gondrella for $2,986.19 is affirmed. That portion of the judgment allowing him a credit for $3,615 is reversed. That portion of the judgment dividing the sum of $4,878.66 between Mr. and Mrs. Gondrella is reversed.
It is ordered that the $11,489.85 in the registry of the court be divided on the basis of $7,238.02 to Mr. Gondrella and $4,251.83 to Mrs. Gondrella.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
STOULIG, Judge, concurring.
The writer of this concurrence was added as a member to the original panel pursuant to Article 5, Section 8(B) of the Louisiana Constitution of 1974 to consider only the issue of the husband's right to reimbursement out of the community funds all alimony pendente lite he paid to his wife.
I concur for the reasons stated and the result reached in the majority opinion in denying the husband the right to a credit against community funds for alimony pendente lite paid to his former wife.
REDMANN, Judge, subscribes to the opinion of Schott, J., except that, as to credit for alimony, he concurs for the reasons of Lemmon, J.
*941 LEMMON, Judge, concurs and assigns reasons.
I agree that credit for alimony pendente lite is not an appropriate consideration in this case.
A wife is entitled to alimony pendente lite if she does not have sufficient income for her maintenance. C.C. art. 148. Alimony was ordered in the present case because the wife received no income during the period between the filing of suit and the judgment of divorce.
However, if community assets had produced income during this period (income which the husband controlled as head and master and theoretically used to pay alimony to the wife who technically had no income), it would be unfair for the wife to receive both alimony during the pendency of the suit and also her entire share of the income for that period from the community assets when the community is settled. Therefore, if community assets had produced income in this case, the question of credit for alimony pendente lite against her share of income from community assets during this period would be appropriate for consideration.
This record, however, does not reveal that there was any income produced by community assets during the pertinent period. The fund at issue is the sum of $11,000.00 realized from the sale of the community home.
Furthermore, even if the wife's share of the $11,000.00 community asset had been available to her during the period in which she sought alimony, she would not have been required to deplete that sum in order to maintain herself. Therefore, since the $11,000.00 does not constitute income which, if available to the wife, would have been deducted from her needs in determining her entitlement to alimony pendente lite, the husband is not entitled to a credit against the wife's share of that sum for the amount of alimony pendente lite that he paid.