371 So.2d 313 (1979)
Patricia Ann Deaner COMPTON, Plaintiff-Appellee,
v.
Huey COMPTON, Defendant-Appellant.
No. 13854.
Court of Appeal of Louisiana, Second Circuit.
May 1, 1979.
Rehearing Denied June 8, 1979.[*]
*314 Campbell, Campbell & Johnson by John T. Campbell, Minden, for defendant-appellant.
Fish, Montgomery, Robinson & Bolin by Roy M. Fish, Springhill, for plaintiff-appellee.
Before PRICE, HALL and JONES, JJ.
En Banc. Rehearing Denied June 8, 1979.[*]
PRICE, Judge.
Defendant appeals from the judgment rendered in a suit to settle and partition the community following a judicial separation. He contends the trial court erred in finding a one-acre tract with residence thereon conveyed to him by his father after his marriage to plaintiff was community property rather than a donation to his separate estate, and alternatively, that the court erred in failing to award him reimbursement for the amount expended by him in the construction of the residence on the tract prior to his marriage to plaintiff. Defendant
further complains of the rejection of his *315 claim for reimbursement of the value of an automobile owned by him prior to the marriage which was traded in on the purchase of another automobile during the marriage.
We amend and affirm.
In 1969, during a former marriage, defendant began the construction of a residence on land owned by his father. The evidence shows the interior of the house was not complete at the time defendant married plaintiff on November 9, 1971.
After their marriage, the parties borrowed $5,000 from Carter Federal Credit Union, to repay defendant's father the sum of $1,668 for sums he advanced for materials at the time defendant first began the construction. The remainder of the borrowed money was used to install plumbing and finish the inside of the house to the extent necessary to make it habitable.
By cash deed, dated September 19, 1973, defendant's father conveyed the one-acre tract to defendant upon which the house was located. The deed recited a consideration of $200 and did not contain a declaration that the conveyance was for defendant's separate estate or that he was purchasing with his separate funds.
Defendant's contention that this property is his separate property because he received it as a donation from his father is without merit. La.C.C. Art. 2402 provides that all property acquired during the marriage is presumed to be part of the community. Under La.C.C. Art. 2334 this community presumption may be rebutted by showing the property was acquired during the marriage with separate funds, or by inheritance or donation to one of the spouses. There is a well-settled jurisprudential rule, however, that the husband may not offer evidence to rebut the community presumption unless the act of conveyance by which he receives title to property contains a recital that he is purchasing with separate funds for the benefit of his separate estate. Without the "double declaration" the property acquired by deed for a recited consideration by the husband during the marriage is conclusively presumed to be community property even though in fact the transfer may have been a donation to him. Barnett v. Barnett, 339 So.2d 495 (La.App.2d Cir. 1976); Primeaux v. Libersat, 307 So.2d 740 (La.App.3d Cir. 1975). Since the cash sale deed from defendant's father to him did not contain such a declaration, the immovable property (house and lot) is presumed conclusively to be community property, and the trial court was correct in its finding to this effect.
Defendant alternatively contends that if the property be found to belong to the community, he should be allowed reimbursement from the community for the amount expended by him in the construction of the house prior to the marriage to plaintiff. The law is well established that a husband who spends his separate funds on community property has the right to claim reimbursement from the community for money spent by him for the benefit of the community so long as the community still benefits from this separate contribution at the time of its dissolution. See Gouaux v. Gouaux, 211 So.2d 97 (La.App.1st Cir. 1968). Those separate funds expended for materials in the construction prior to the parties' marriage benefited the community as an essential component part of the existing structure at the time of dissolution. Therefore, defendant has a legitimate claim against the community for separate funds expended by him in constructing the shell of the house in 1969.
Although defendant contends he spent $7,500 for materials in the construction prior to the marriage, he has not offered sufficient evidence to sustain an award for this amount. Defendant did spend $1,668 of his father's money for building materials; however, this sum was returned out of the $5,000 community loan, and therefore, defendant has no claim for this amount.
The only other source of funds which defendant has shown available to him during the period in question was from the sale of thirteen head of cows with calves which were his part of the property settlement of a prior marriage. Defendant testified these funds were used for purchase of materials, and although the specific amount *316 is indefinite, we are of the opinion he should be allowed reimbursement from the community for the sum of $1,300 under the circumstances shown.
Lastly, the defendant contends that this court should recognize his claim for a $1,120 credit against the community which represents the trade-in value of his separate automobile used on the purchase of another automobile bought during the existence of the community. No evidence was offered to show the actual market value of the Ford Comet which was traded on a 1972 Ford Torino. The trial judge rejected this claim because he found the "trade-in allowance" not to be reliable evidence of true market value. We find no error in this conclusion and find the trial court properly rejected this claim by defendant.
For the foregoing reasons, the judgment appealed is amended to award defendant, Huey Compton, the sum of $1,300 to repay his separate estate for money expended on the residential construction which subsequently benefited the community, which sum shall be paid from the proceeds of the sale of the property of the marital community after payment of costs of these proceedings and prior to the distribution thereof to the parties. The judgment as amended is affirmed. Costs of this appeal are assessed equally to the parties.
NOTES
[*] Bolin and Marvin, JJ., took no part in denial of rehearing.