CUTRER, Judge.
The issue presented by this appeal is the determination of the sums that may be due the separate estates of a husband and wife as a result of a dissolution of their community property.
Betty Trahan filed suit for separation against her husband, John Trahan. John answered the petition and also filed a rule to have the community property partitioned by licitation. A judgment of separation was rendered in favor of Betty. The rule was made absolute and the community property was ordered partitioned by licitation. A judgment was also rendered ordering that, upon dissolution of the community and sale of such property, the proceeds would be allocated as follows:
“1 John Trahan’s separate estate shall be credited and receive $34,860;

2. Betty Leger Trahan’s separate estate will be credited and receive $2,000;

3. The remainder shall be equally divided between John Trahan and Betty Leger Trahan.”

Betty Trahan appealed the judgment and John Trahan answered complaining of error by the trial court for granting any credit to Betty. We affirm.
The parties were married on August 28, 1975. They had lived together for about two years before their marriage. The residence in which they lived was owned by John Trahan before his marriage to Betty Trahan. It was clearly his separate property. While living on the premises certain improvements were made to the residence. Although the extent of the improvements during the marriage is in dispute, it is agreed that a new roof was installed after the marriage.
During the marriage a homeowner’s insurance policy covering the residence was purchased in the name of John Trahan. Three or four months later, the home burned and John Trahan received $46,560.00 in insurance proceeds. (An advance of $1,000.00 was received, but Trahan does not seek reimbursement for this.)
The insurance proceeds of $45,560.00 were deposited in an account. This account was one that John Trahan had prior to his marriage and was in his name only. Shortly thereafter, $10,000.00 of that money was transferred into another account held in the name of Betty Trahan. This checking account was opened after the insurance proceeds were received. John and Betty then purchased land at another location in the area and constructed a new home thereon. The funds from the “John Trahan” account ($35,560.00) were used to pay for the land, materials and labor furnished to build a new residence. A portion of the funds ($10,000.00) deposited in Betty’s account was used to pay for the construction of the new home. Other community expenses were paid from Betty’s account such as food, clothing, etc.
The nature of the funds used to construct the new residence is the crux of the dispute before us. Both parties agree that the new residence was constructed on property purchased during the marriage and was a community asset.
INSURANCE PROCEEDS
We conclude that the proceeds from the fire insurance policy were the separate *37 property of John Trahan. The object of the insurance policy was the residence belonging to the separate estate of John Trahan. When that residence burned, the estate, consisting of the residence, was transformed into the insurance proceeds.
We base our conclusion on the case of Thigpen v. Thigpen, 91 So.2d 12 (La.1956), in which our Supreme Court faced a similar situation. In that case, the parties, Mr. and Mrs. Thigpen, had a number of disputes regarding their community property settlement which was being settled as a result of a divorce proceeding.
During the existence of a previous marriage, Mr. Thigpen and his wife purchased several buildings. Sometime later, the first wife died and the property then became jointly owned by the deceased wife’s heirs and Mr. Thigpen. Later, Mr. Thigpen remarried. Clearly, the interest in the property purchased during the existence of his first marriage was separate property of the husband as to the second marriage. During the existence of the second marriage, Thig-pen purchased a fire insurance policy to cover the buildings. Shortly thereafter the buildings burned and the loss was replaced with funds from the insurance proceeds. The Supreme Court held that these insurance proceeds did not become community property. The court noted that since the premiums were paid out of the community funds, there may have been a justifiable claim for reimbursement for the wife’s contributions to the premiums, but this did not make the proceeds themselves community property.
The essential similarity is that the husband owned separate property which was covered in a policy purchased during the community. After the fire loss, the insurance proceeds maintained their status as separate property. We hold that the proceeds of the insurance policy in this case were John Trahan’s separate property.
As previously stated, the new residence was built during the existence of the community and is thus community property. If the purchase of this property and the construction of a house thereon was made with John Trahan’s separate funds, however, the community estate is indebted to the separate estate of John Trahan for the amount expended on the house. In Compton v. Compton, 371 So.2d 313 (La.App. 2nd Cir. 1979), the court held as follows:
“. . . The law is well established ■that a husband who spends his separate funds on community property has the right to claim reimbursement from the community for money spent by him for the benefit of the community so long as the community still benefits from this separate contribution at the time of its dissolution. . . . ”
The evidence is clear that all the proceeds of the insurance policy deposited in John Trahan’s checking account, $35,560.00, were paid for the purchase of the land and construction of the new house. This was the testimony of both Betty and John Trahan. Betty Trahan also stated that $3,954.29 of the $10,000.00[1] placed in her checking account was used for the construction of the new home. In his reasons for judgment, the trial judge rounded this figure and concluded that $3,950.00 had been expended from Betty’s account on the new home.
The trial court summarized the computation as follows:
“In summary, a simple computation of the decision is:

separate funds expended by Mr. Trahan $89,460

less community contributions: roofing $1,300

general repair 3,000

fire insurance premiums 300

4,600[2]

Total credit to Mr. Trahan, individually $34,860”

Counsel for Betty Trahan contends that no credit should be given to John Tra- *38 han’s separate estate. It is contended that the proceeds of the insurance policy were acquired during marriage and, as such, it is presumed that such proceeds falls into the community. Counsel for Betty Trahan relies principally on the case of Palama v. Palama, 323 So.2d 823 (La.App. 4th Cir. 1975), writ den., 326 So.2d 381 (La.1976), as authority for his position that the proceeds of the insurance policy were a community asset. Palama is not applicable to this case. In Palama, the fire insurance was purchased during the existence of the community to cover the residence situated on the husband’s separate property. The residence was insured for $25,000.00. The court concluded that the community had expended $15,000.00 on the construction of the residence and that this expenditure enhanced the value of the residence by an additional $10,000.00. The court then concluded that the proceeds of the insurance ($25,000.00) must be paid into the community and divided between the husband and wife. The case does not hold that the proceeds of the fire policy were community, but it held that such proceeds must be used to reimburse the community for the community expenditures and the enhancement of the value of the separate property. The proceeds of the insurance policy in this case are John Tra-han’s separate property. Thigpen, supra.
An examination of the record convinces us that the trial court correctly held that John Trahan’s separate estate must be credited with $34,860.00 out of the sale of the community property.
CREDIT TO MRS. TRAHAN
We disagree with the appellee’s argument that the trial court erred in its determination that the community was indebted to Mrs. Trahan in the amount of $2,000.00 for the loss of certain personal property which was her separate property.
There is a testimony that Betty Trahan sustained a loss of furniture and other personal property in the fire. Betty Trahan testified that this was her separate property. Betty’s sister corroborated her testimony in this regard. The insurance carrier paid $15,000.00 for the loss of personal property. John Trahan estimated his loss of personal property to be in the range of $10,000.00 to $12,000.00. The exact value of the items was not clearly established but the trial court felt that a value of Betty Trahan’s personal property of $2,000.00 was justified. We find no manifest error in the trial court’s determination of the value of Betty Trahan’s separate personal property.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of appeal are to be paid by plaintiff-appellant.
AFFIRMED.

. Commingling of funds is not raised as an issue herein.

. This sum of $4,600.00 for community contributions is not contested herein.